# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

### TAYLOR *v.* BOUGHNER, JR., *et al.*

Decided March 27, 1880.

The party complaining in the Appellate Court of the rejection of evidence by the court below must state the facts or evidence in his bill of exceptions, from which it must appear affirmatively to the Appellate Court, that he was prejudiced by the rejection of the evidence.

1880
Special Term.

Taylor
v.
Boughner, Jr.,
*et al.*

Writ of error to a judgment of the circuit court of the county of Ritchie, rendered on the 6th day of May, 1879, in a case in said court then pending, in which James Taylor was plaintiff, and D. Boughner, Jr., and others were defendants, allowed upon the petition of the said defendants.

Hon. J. M. Jackson, judge of the fifth judicial circuit, rendered the judgment complained of.

MOORE, JUDGE, furnishes the following statement of the case:

This was an action of covenant brought by Taylor against the defendants, in the circuit court of Ritchie county, to recover damages for breach of covenant. The bond was executed by D. Boughner and others, payable to the defendant in error, bearing date on the 8th day of Decbemer, A. D. 1857, with interest from its date. To this action the plaintiffs in error file their five pleas in writ-Pleas of *non est factum,* conditions performed, conditions

ing, viz: not broken, payment, and usury ; and to the account of offsets filed by defendants, with their plea of payment, to the demand of the plaintiff, the plaintiff filed a special replication of the statute of limitations. Thereupon, the cause was continued. At a subsequent term the cause was tried and resulted in a hung jury.

At the April term of the circuit court, held for the county of Ritchie for 1879, the case was regularly called, and it was then ascertained by the plaintiff in the said action, that the papers had been by some means lost or mislaid. Whereupon an affidavit was filed by the defendants in error, setting forth the fact of the loss of the original papers and produced to the court an authenticated copy of the declaration, which describes the writing obligatory, which was the foundation of the action, as follows: "That said James Taylor had agreed to pay $2,500.00, for William M. Patton on the revenue of 1856, the said obligors, the said defendants and the said decedents, bound themselves to pay to said plaintiff the interest on said $2,500.00, until the same is collected according to law by said Taylor on the claims then in the said plaintiff's hands, for which the said William Patton held said Taylor's receipts, and if the said claims should lack anything in repaying the said Taylor the money advanced by him for the said Patton, they by said agreement bound themselves to make up said amount of lack ; " and on motion of the plaintiff it was ordered that the action be proceeded in, heard and determined, upon such authenticated copy of said declaration and proof of the contents of said writing obligatory. And it appearing to the court that the defendant being unable to furnish authenticated copies of their pleas, heretofore filed in the cause, on their motion they were permitted to plead anew. And thereupon, for pleas, say, "that they have not broken the covenants in the writing obligatory in the declaration mentioned, and for further plea the defendants say that they have well and truly paid the sum of money in the declaration mentioned, and with said

·plea, file specifications of payment and offsets which they desire to prove under the said plea, and, thereupon, the plaintiff filed counter-offsets and two special replications of the defendants offsets, defendants rejoin, issue is thereon joined, likewise the defendants file a plea of *non est factum*; issue was thereon joined, and also filed a special plea of usury, to the filing of which plaintiff objected, but the plea was permitted to be filed and issue thereon joined.

1880
Special Term.

Taylor
v.
Boughner, Jr,
et al.

The jury having heard the evidence, returned the following verdict: "We the jury find for the plaintiff on the issue joined in this cause, and we assess his damages at four thousand two hundred and seventy-seven dollars and thirty-three cents ($4,277.33,) upon which the court entered up judgment for the said amount so found by the jury, with interest from the 6th day of May, 1879, until paid and costs." Motion was made by the defendants to set aside the verdict and grant a new trial, which was overruled. During the progress of the trial, the defendants tendered the following bill of exceptions to a ruling of the court, which was signed, sealed and made a part of the record:

"*Be it remembered*, That upon the trial of this cause, after the jury had been sworn, and after the plaintiff had offered his evidence-in-chief and rested his case, and after the defendants had offered their evidence-in-chief and rested their case, the plaintiff, to maintain the issues joined, introduced one L. A. Phelps, who was sworn as a witness, and testified that "in the year 1857, and for some time before and after that time, I was a practicing lawyer, residing in Harrisville, Ritchie county, having an office across the street fronting the court-house; that on the evening of the 8th of December, 1857, the plaintiff came to me in my said office and brought me the bond, and submitted the same to me as his attorney for the purpose of ascertaining whether the same was in proper form, and asked me if he would be safe in taking the bond—the same one which I saw at the former term of

this court, when this cause was first tried;" that at the request of the said Taylor, witness examined said bond before the same was signed, and the witness, after consulting with said Taylor, made erasures and interlineations therein; that said witness erased the word *receips* where the same first occurs, near the bottom of the body of the writing, and wrote above said erasure the word *'receipts,'* and also erased the word *receipts* where it next occurs after said first erasure and wrote over said last erasure the word *'claims'*; that witness made the following interlineations following the words 'lack anything,' to wit, *'in repaying the said Taylor the money advanced by him.'* Witness was then asked what he knew about the erasure in the bond sued on of the words *'five per cent. on said money and.'* In reply to said question witness said that his memory did not serve him whether he erased the words, 'five per cent. on said money and' or not, nor could he tell whether if the same were erased in the original bond, such erasure was made before execution of the paper, but he thought that he would not have advised Taylor to have taken said bond with those words in it; that he regarded the bond *after* he had made the amendments to it as valid and sufficient for the purpose. Witness also swore that on the former trial of this cause said original bond was then used on the trial, and that witness then identified it as being the bond on which he made the erasures and interlineation above stated. Witness swore that on the said former trial said original bond then had the words 'five per cent. on said money and' erased, but he could not then testify whether the erasure thereof was done before its execution or not; that his testimony on a former trial touching the erasure and interlineations was substantially the same as given on this trial; that after witness Phelps had been dismissed from the witness stand, the defendants, by their counsel, exhibited a paper and offered evidence tending to prove it to be a copy of the original bond, taken shortly after the execution of said original bond, except that the sig-

natures thereto did not stand in the same order that they did on the original, and except also a memorandum endorsed thereon which was not on the original, and tending to show the body of the said alleged copy of said bond was a copy of the body of the original, taken as aforesaid soon after the execution of said original. The paper so offered did not contain an erasure of the words 'five per cent. on said money and.' Whereupon said defendants offered so much of said alleged copy as was offered to be proved to be a copy of the body of original as aforesaid in the evidence to the jury. To the giving of the same in evidence, the plaintiff objected, which objection being referred to the court, the court sustained said objection and refused to allow the same to go to the jury, but permitted the witnesses to use the said paper for the purpose of refreshing their memories in giving their testimony as to whether the bond sued on — this cause had been altered or not after its execution and delivery. To the sustaining which objection by the court and refusal to allow the same to go in evidence, the defendants except and pray this their bill of exceptions may be signed, sealed and saved to them and made a part of the record in this cause, which is accordingly done.

"JAS. M. JACKSON, [Seal.]"

Writ of error was allowed upon the petition of defendants.

*George Loomis*, for plaintiff in error.

*John A. Hutchinson*, of counsel for defendant in error, cited the following authorities :

1 Leigh 216; 9 Leigh 347; 2 Gratt. 193; 6 Wis. 479.

*R. S. Blair*, of counsel for defendant in error, cited the following authorities:

14 W. Va. 158, Syll. 4; 4 Min. Inst. Part I, p. 744; 4 W. Va. 693.

1880
Special Term.

Taylor
v.
Boughner, Jr,
*et al.*

MOORE, JUDGE, delivered the opinion of the Court:

The Court is of opinion that the bill of exceptions, neither setting forth the writing obligatory which is the foundation of the suit, nor the imperfect copy of the same as offered in evidence by the defendants and rejected by the court, is so unintelligible as to render it impossible for this Court to say that the defendants were prejudiced by such rejection. The party complaining, in the Appellate Court, of the rejection of evidence by the court below, must state the facts or evidence in his bill of exceptions, from which it must appear affirmatively, to the Appellate Court, that he was prejudiced by the rejection of the evidence. The defendants having failed in this particular, the Appellate Court cannot say that the circuit court erred by rejecting the paper-writing offered by the defendants.

If the writing sued upon, and the imperfect copy tendered by the defendants, had been both set forth in the bill of exceptions, it is not improbable, that it would thereby have appeared that the ruling, by the court rejecting the imperfect copy, could not have been prejudicial to the defendants, as the testimony of the witness, Phelps, might perhaps have been thereby strengthened. It is therefore impossible for this Court to say that the circuit court erred to the prejudice of the defendants by its rulings.

The judgment of the circuit court is therefore affirmed with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.