# CHARLESTON.

## McMANUS v. MASON.

Submitted January 27, 1897—Decided March 27, 1897.

1. WITNESS—*Cross-Examination—Error.*

Where a defendant in an action of *assumpsit* for services rendered him by plaintiff, as a witness in his own behalf denies that he ever contracted with the plaintiff, and that he ever employed him for any purpose, and had nothing to do with his employment, and did not owe him a cent, the question, "Did you ever give plaintiff any directions about the work for the price of which he has brought this action?" is proper on cross-examination, and it is error to exclude it. (p. 198.)

2. WITNESS—*Cross-Examination—Defendant.*

Where the defendant appears as a witness in his own behalf, the plaintiff has the right to so cross-examine him as to elicit any facts which would in any way tend to corroborate the testimony of plaintiff, or contradict that of defendant. (p. 198.)

3. TRIAL—*Practice in Trial Courts—Evidence.*

The mode of conducting trials, the order of introducing evidence, and the times when it is to be introduced, are properly matters belonging to the trial courts, with which this Court ought not to interfere; and the trial courts must necessarily be vested with a large discretion in the regulation of their practice (*Railroad Co.* v. *Stimpson,* 14 Pet. 463), but such discretion does not extend to the exclusion of legal evidence offered in its proper order. (p. 199.)

4. EVIDENCE—*Letters as Evidence—Error.*

After the cross-examination of the defendant, the only

witness for the defence, the plaintiff was recalled by his counsel for the purpose of identifying and then reading in evidence two letters purporting to be written by the defendant, and which had not before been offered. On objection of defendant, this evidence was not admitted. *Held*, that the court did not err in excluding it. (p. 199.)

Error to Circuit Court, Greenbrier county.

Action by William V. McManus against S. B. Mason. Judgment for defendant, and plaintiff brings error.

*Reversed.*

L. J. WILLIAMS, for plaintiff in error.

JOHN W. HARRIS, for defendant in error.

McWHORTER, JUDGE:

McManus brought his action of *assumpsit* in the Circuit Court of Greenbrier county against Mason, on account for services rendered as superintendent of brick masonry on tunnel under Seventh street, Richmond, Va. Issue was joined on plea of *non assumpsit*, a jury impaneled, and the case was tried on November 16, 1895. Plaintiff, to maintain the issue on his part, testified "that he lived at Kingsbridge, N. Y.; that he was a labor contractor; that in the month of February, 1893, he contracted with the defendant to superintend, at the price of two hundred dollars per month, the brick masonry in arching a railroad tunnel in the city of Richmond, Va.; that said defendant agreed to pay him by the month for said work at the price aforesaid; that plaintiff began said work for the defendant on the 15th day of February, 1893, and superintended the same until the first day of July following; that the action filed by plaintiff, which is in the words and figures following [here follows bill of particulars, amounting to nine hundred dollars], is correct and unpaid; that no part of the nine hundred dollars has been paid, and that the same is still due; that the price of two hundred dollars per month, agreed upon, was reasonable; that the defendant furnished the material and employed the hands who worked under defendant; and that defendant never disclosed to plaintiff that any one else was interested with him in the contract for the building of the tunnel,"—and here rested his case. The defendant, to maintain the issue on his part, testified "that he never contracted with the plaintiff to pay him

$200 per month for superintending the brick masonry in arching the railroad tunnel at Richmond, Va.; that he had never employed the plaintiff for any purpose, and had nothing to do with his employment, and did not owe him a cent,"—and here rested. The plaintiff proceeded by his counsel to cross-examine the defendant. The defendant testified, in answer to certain questions so asked him, that some work had been done on the tunnel before he went there; that, after he went there, he drove up the approach cut, and had taken out the full section of the tunnel for about seventy-five feet, and had taken out a part of the heading; and the plaintiff's counsel then, for the avowed purpose of contradicting the defendant's testimony, and laying the foundation for his rebutting testimony, put this question to the witness, "Did you ever give plaintiff any directions about the work for the price of which he has brought this action?" to which question, and the answer made to the other questions asked by plaintiff's counsel above, the defendant, by his counsel, objected, as not being by way of cross-examination, and as irrelevant, which objection the court sustained, and struck out said answers, and refused to allow said last-mentioned question to be answered, to which ruling of the court the plaintiff excepted.

The defendant's counsel says: "It is a well-settled rule that, in order to reverse the judgment of a lower court, it must affirmatively appear that error was committed prejudicial to the appellant, and, no answer having been made to this question, the court cannot say that the exclusion of the answer was prejudicial,"—and cites *Taylor* v. *Boughner*, 16 W. Va. 327; *Rigdon* v. *Jordan* (Ga.) 7 S. E. 857; *McDowell's Ex'rs.* v. *Crawford*, 11 Grat. 387; *Harman* v. *City of Lynchburg*, 33 Grat. 37; *Nease* v. *Capehart*, 15 W. Va. 300; *Johnson* v. *Jennings*, 10 Grat. 1. Upon cross-examination of defendant, plaintiff had the right to so cross-examine him as to elicit any facts which would in any way tend to corroborate the testimony of plaintiff, or contradict that of defendant. "The general rule requiring testimony to be confined to the point in issue is much more liberally construed in the cross-examination of witnesses than in their examination in chief. While the party who introduces a witness vouches for his credibility, the cross-

examiner sustains no such relation to the witness. He is at liberty and often compelled to attack the credibility of the witness, and for that purpose must be allowed wide latitude in asking questions which would otherwise be wholly irrelevant to the issue." 3 Jones, Ev. § 826. If the question asked, "Did you ever give plaintiff any directions about the work for the price of which he has brought this action?" was pertinent and relevant,—and I am of the opinion that it was, and clearly so by way of cross-examination,—the court erred in excluding the question, whatever might have been the materiality or immateriality of the answer when given; and, being in the line of proper cross-examination, the plaintiff was virtually cut off from his right of cross-examination by the ruling of the court in excluding the question. The plaintiff was then again placed on the stand, for the avowed purpose of having him identify and then read in evidence two letters which purported to be written by the defendant,—one dated at Richmond, Va., February 17, 1893, addressed to plaintiff; the other dated at Lewisburg, W. Va., April 30, 1894, addressed to "A. Bernard, Chancellor, Esq.,"—to which defendant objected, and the objection was sustained. As stated in *Railroad Co.* v. *Stimpson*, 14 Pet. 463: "The mode of conducting trials, the order of introducing evidence, and the times when it is to be introduced, are properly matters belonging to the circuit courts, with which this court ought not to interfere;" and that "the circuit courts must necessarily be vested with a large discretion in the regulation of their practice." But this discretion does not extend to the exclusion of legal evidence offered in its proper order.

The appellant's assignment that the court erred in sustaining the objection of the defendant's counsel to the introduction of the letters at the time and in the manner proposed by plaintiff is not well taken. The court had the right, in the exercise of a sound discretion, to so exclude that evidence.

For the reason above stated, the judgment rendered on the 16th of November, 1895, is reversed, the verdict set aside, and a new trial granted.

*Reversed.*