# CHARLESTON.

STATE *v.* ANIS MURPHY.

Submitted March 27, 1923.  Decided April 3, 1923.  ·

1.  CRIMINAL LAW—*Burden on State to Prove Every Essential Allegation of Indictment Beyond Reasonable Doubt.*

In a criminal prosecution the burden is on the state to prove beyond a reasonable doubt every essential allegation of the indictment. (p. 479).  ·

2.  SAME—*Instruction That Burden on State to Prove Essential Allegation of Indictment by Preponderance of Evidence Erroneous.*    ₒ    ·

An instruction in a criminal case given on behalf of the state which tells the jury that the burden is on the state to prove the essential allegations of the indictment by a preponderance of the evidence is erroneous. (p. 479).  .

3.  SAME—*Oral Instruction, Over Objection of Accused, Touching Material Matters in Issue, Erroneous.*

Under section 22, chapter 131, Barnes' Code, 1923, upon the trial of a criminal case, it is error to give, over the objection of the accused, an oral instruction touching material matters in issue. (p. 480).

Error to Circuit Court, Clay County.

Anis Murphy was convicted of a violation of the prohibition laws, and he brings error.  ·

*Reversed, and new trial awarded.*  ·

*B. C. Eakle* and *E. P. Alderson,* for plaintiff in error.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *W. G. Brown, State Prohibition Commissioner,* for the State.  ·

MEREDITH, JUDGE:

Defendant was convicted of a violation of the prohibition laws and assigns error.

The indictment is in the statutory form and is sufficient.

The only substantial error assigned is that the court misdirected the jury. No written instructions were offered, but the following shows the directions given by the court, including the objections made by defendant's counsel:

"Gentlemen of the jury, there will be no written instructions in this case. As to the law in the case, the Court instructs you that the burden is on the State to prove all the essential allegations of the case by a preponderance of the evidence; and, of course, unless that is done, you should find for the defendant. Furthermore, gentlemen of the jury, the Court instructs you that you are to pass on the evidence in this case and determine what the facts are. If you believe the evidence of the witness for the State, and that the facts as he stated them are, in the main, true, then you may find the defendant guilty. On the other hand, if you believe the evidence of the defendant, Murphy, and that the facts as he stated them are true, you will find the defendant not guilty. The credibility of the witnesses is a question to be passed on by the jury—it is not a question of how many witnesses testify for one side or the other, but the question is, who does the jury believe? What does the jury think in the case? If you think that Anis Murphy on the occasion referred to had in his possession and delivered to any party down at the Midlothian Jewell store intoxicating liquor, it is your duty to find the defendant guilty; otherwise, find him not guilty.

Counsel for the defendant objected to the form of the foregoing instruction.

The Court: The foregoing instruction was given to the jury by the Court on request of the defendant's counsel that the Court instruct the jury as to the preponderance of the evidence. The latter part of the instruction was given by the Court on its own motion.

Mr. Eakle (Counsel for defense): While counsel for defendant requested the Court to instruct the jury on the question of evidence, yet defendant, by counsel, objects to the instruction as given by the Court as not correctly propounding the law, as understood by counsel for the defendant.

The Court: Is there any part of the Court's instructions particularly that you desire to call the Court's attention to, Mr. Eakle?

Mr. Eakle: Particularly, you instructed them if they believe from the statement of the prosecuting witness, 'in the main.' I think that is incorrect. And you also instructed the jury that if they believe from a preponderance of the evidence that the sale was made they should convict.

The Court: You understand, gentlemen of the

jury, the burden is on the State to prove the essential allegations of the indictment by a preponderance of the evidence; and the one question before you is, whether or not intoxicating liquor was on that occasion delivered by the defendant Murphy to any of the parties, as testified to, at Midlothian Jewell store.

Mr. Eakle:  Defendant, by counsel, again renews his objections to this instruction.

Objection overruled, and the defendant excepted.''

The jury were clearly misdirected. Before they could find the defendant guilty, they must believe him guilty beyond a reasonable doubt, and a mere preponderance of evidence is not sufficient. The state would justify the instruction on two grounds:: First, because the instruction to the effect given, was invited by defendant's counsel; and second, because the instruction comes within the rule laid down in *State* v. *Robinson,* 20 W. Va. 713, as to there being no error in omitting the phrase ''beyond a reasonable doubt.'' We think the first ground is untenable.

It is true that the court replied to the objection made by defendant's counsel that the instruction was given on his request to instruct the jury ''as to the preponderance of the evidence''; but the further colloquy shows that his counsel objected because the jury were instructed that the ''burden is on the state to prove the essential allegations of the indictment by a preponderance of the evidence.'' The court's attention was called to the error and it should have been corrected at once. In the absence of written instructions offered by defendant, the court was not required to give any instruction; but having undertaken to do so, it was the duty of the court to instruct the jury properly. A mere preponderance of the evidence is not sufficient to convict one of crime. Point 12 of the syllabus in *State* v. *Robinson,* 20 W. Va. 713, is not applicable, as contended by counsel for the state. The instruction there told the jury that ''if they believe from the evidence'' certain facts then they should find the defendant guilty as charged, but omitted the words ''beyond a reasonable doubt,'' as they were understood— that is, they were impliedly in the instruction; the jurors so comprehended it, and were not misled. However, in that case there were other instructions given both on behalf of

the state and the accused in which the phrase was repeated a number of times, so the jury was fully aware of the rule that they must be convinced "beyond a reasonable doubt" before they could convict the accused. But the omission from an instruction of the phrase "beyond a reasonable doubt" is quite different from the inserting therein of the phrase "by a preponderance of the evidence." On principles laid down in *State* v. *Robinson, supra,* if the latter phrase had been omitted from the instruction given in the instant case, there would have been no error; but in a criminal case, the jury ought to be advised that before they can convict the prisoner they must be convinced of his guilt beyond a reasonable doubt; if there is but one instruction given, the phrase ought to be inserted in it, or words of like import and meaning. If more than one instruction be given, and it is inserted in one, but omitted from the other, this is not error. That in effect is the holding in *State* v. *Robinson, supra.* Whether in case of a single instruction the omission of the phrase would be error we do not decide, but leave that question open. It was error to instruct the jury that the burden was on the state to prove the essential allegations of the indictment by a preponderance of the evidence.

There is another matter to which attention should be directed. The instruction was given orally. We can not say from the record that defendant did or did not object on that ground. His first objection noted on the record is. to the form of the instruction. This might refer to its substance or to the fact that it was not reduced to writing; however, the other objections go to its substance. Section 22, chapter 131, Barnes' Code, 1923, requires instructions, whether given at the instance of the parties or on the court's own motion, to be reduced to writing, and we have recently held this statute mandatory, *Henderson* v. *Kessel,* decided this term; *State* v. *Clark,* 64 W. Va. 625, 63 S. E. 402. This statement is unnecessary to a decision in the present case, but attention is called to the matter that error may be avoided on a re-trial.

We reverse the judgment, set aside the verdict and award defendant a new trial.

*Reversed, and new·trial awarded.*