STATE OF WEST VIRGINIA

*v.*

HERBERT FITZSIMMONS

(No. 10482)

Submitted September 25, 1952. Decided November 25, 1952.

BROWNING, JUDGE, not participating.

*D. Jackson Savage,* for plaintiff in error.

*John G. Fox,* Attorney General, *Arden J. Curry,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

Defendant was convicted of nonsupport of an illegitimate child, by a jury of the Intermediate Court of Kan-

awha County, and, upon writ of error to the circuit court of that county, the judgment of the Intermediate Court sentencing defendant was affirmed, except as to a matter not here involved. The mother of the child, seventeen years of age at the time of the trial, testified that the child was conceived about April 16, 1949; that it was born January 10, 1950; that defendant is its father; that he has furnished nothing for its support and maintenance and, in effect, that the child was in destitute and necessitous circumstances. Defendant did not testify in his own behalf, but introduced certain evidence for the purpose of establishing that some person other than defendant could have been the father of the child. His present contentions are that the evidence fails to establish that he had knowledge that the child had been born and, therefore, he could not have intentionally or wilfully failed or refused to support it, and that certain errors were committed in the trial of the case, hereinafter discussed.

At the time the child was conceived its mother was living at the home of an aunt, approximately thirty miles from her own home. Shortly thereafter she returned to her home, but before doing so informed defendant of her pregnancy, and accused him of being the father of the child. Her evidence in chief, however, does not show that defendant was informed of the birth of the child prior to the time the indictment was returned in September, 1950. Neither does the evidence show that anyone, prior to the return of the indictment, requested or demanded that defendant furnish any support to the child. On rebuttal examination, however, over objection of defendant, the mother testified that she had a conversation with defendant in August, before the indictment was returned, and that she then informed defendant that the child had been born. This evidence, on motion of defendant, was stricken from jury consideration, and the jury instructed not to consider it. From these facts it seems clear that the State failed to prove that defendant wilfully failed or neglected to support the child, for if he had no knowledge of its birth the neglect could not have been

intentional or wilful. We think the jury would not have been warranted in assuming that defendant knew the child had been born alive merely from his knowledge of the pregnancy. Such an assumption would not conform to the duty of the State to carry the burden of proof of each essential element of the crime. "In a criminal prosecution the burden is on the state to prove beyond a reasonable doubt every essential allegation of the indictment." Point 1, syllabus, *State* v. *Murphy*, 93 W. Va. 477, 117 S. E. 147. See *State* v. *Johnson*, 104 W. Va. 586, 140 S. E. 532; *State* v. *Hunter*, 103 W. Va. 377, 137 S. E. 534; *State* v. *Sharpe*, 234 N. C. 154, 66 S. E. 2d 655. We have not failed to consider the provisions of Code, 48-8-5, to the effect that proof of desertion of a child in destitute and necessitous circumstances constitutes *prima facie* evidence that such desertion is wilful. Here the evidence does more than prove destitute and necessitous circumstances. It establishes a fact that makes wilful neglect or intent to desert an impossibility.

The State also contends that it was error for the trial court to have excluded from jury consideration the evidence of the mother relating to the conversation had by her with defendant in August, before the return of the indictment, and that, having induced the error, defendant can not complain of the judgment. It must be remembered that this evidence was given on rebuttal, and that the discretion of a trial court as to what evidence is to be received on rebuttal is very broad. See *McManus* v. *Mason*, 43 W. Va. 196, 27 S. E. 293. We need not, however, determine the question of the admissibility of the evidence, for the reason that clearly the evidence could not have been properly considered by the jury and, *a fortiori*, not by the court. The question of the wilful neglect of the duty to support the child was purely one for jury determination.

The mother, on cross-examination as to her evidence in chief, denied having had sexual intercourse with any person other than defendant. Defendant introduced several witnesses who testified to the effect that they had had

sexual intercourse with her about the time the child was conceived. On rebuttal examination the mother was permitted again to deny such alleged acts. Defendant contends that such evidence was inadmissible on rebuttal and that the admission thereof constituted prejudicial error. We think there is no merit in the contention. We have already pointed out the broad discretion of the trial court as to what evidence may be received on rebuttal examination. We perceive no abuse of such discretion in the present case. See *Weaver* v. *Traction Co.*, 91 W. Va. 528, 114 S. E. 131; *Perdue* v. *Coal & Coke Co.*, 40 W. Va. 372, 21 S. E. 870; 19 M. J., Trial, Section 9.

On her examination in chief the mother of the child was asked whether defendant had furnished any support for the child subsequent to the time the indictment was returned and, over objection and exception of defendant, was permitted to answer the question in the negative. This evidence was clearly inadmissible. The defendant was not being tried for something occurring after the return of the indictment and the action of the trial court in admitting the evidence may have induced the jury to believe that it could have found a verdict for such neglect, although occurring subsequent to the indictment. The question of neglect of defendant to furnish support prior to the return of the indictment was vital to the State's case and that fact, to say the least, had not been definitely established by the evidence. We think the objection of defendant to that evidence should have been sustained.

An instruction offered by the State and read to the jury by the court, over objection of defendant, told the jury that "the State is not required to prove the guilt of the defendant beyond a reasonable doubt, but that proof of guilt is sufficient if you believe from a preponderance of the evidence in this case, as though it were a civil action, that the defendant is guilty as charged in the indictment in this case." The court refused to give to the jury defendant's Instruction No. 1, which reads:

"The Court instructs the jury that in a prosecution for the non-support of an illegitimate child that no other or

greater evidence is required to establish the paternity of an illegitimate child than is required to prove such fact in a civil action; that it, the paternity, may be established by a preponderance of the evidence. However, in a prosecution for a non-support of an illegitimate child all of the other elements of the offense must be proved beyond a reasonable doubt. Therefore, the Court instructs the jury, that even though you may believe from a preponderance of the evidence that the defendant is the father of the illegitimate child in this case, unless you further believe from the evidence, beyond all reasonable doubt, that the defendant did without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of the child, you shall find the defendant not guilty."

Apparently State's Instruction No. 1 was given on the basis of the holdings in *State* v. *Hoult*, 113 W. Va. 587, 169 S. E. 241; and *State* v. *Reed*, 107 W. Va. 563, 149 S. E. 669, to the effect that certain provisions of Article 7, Chapter 48, of the Code, relating to bastardy proceedings, and certain provisions of the statute relating to prosecutions of crimes for nonsupport, should be read in *pari materia*. But the court, in those cases, did not have before it any question as to the burden or degree of proof required of the State in a criminal case. The rule requiring that evidence in a criminal case must establish guilt beyond any reasonable doubt is so well established and known that we need not discuss it or cite authorities. True, in a criminal case for nonsupport of an illegitimate child, Code, 48-8-5, changed the rule as to proof of one of the essential elements of the crime of nonsupport by permitting the question of parentage of a child to be established by a preponderance of the evidence. But the change effected by the statute of itself emphasizes the fact that as to all other essential elements of the crime, proof of guilt must convince beyond any reasonable doubt. It was prejudicial error to give unto the jury State's Instruction No. 1. It was also prejudicial error to refuse to give unto the jury defendant's Instruction No. 1.

The last contention of defendant relates to the argument of an assistant prosecuting attorney before the jury. Apparently the assistant prosecuting attorney inadvertently referred to certain evidence of the State which had been stricken from jury consideration. Upon motion of defendant, however, the trial court promptly instructed the jury not to consider the remarks made by the prosecuting attorney. The exact purport of such remarks is not disclosed by the record. Neither is any attempt made here to indicate how the remarks may have prejudiced the defendant, and we do not perceive any basis for holding that defendant was prejudiced thereby. See *State* v. *Taylor*, 130 W. Va. 74, 42 S. E. 2d 549; *State* v. *Smith*, 119 W. Va. 347, 193 S. E. 573; *State* v. *Rush*, 108 W. Va. 254, 150 S. E. 740.

From the conclusion reached, it necessarily follows that the judgment of the Circuit Court of Kanawha County and the judgment of the Intermediate Court of Kanawha County must be reversed, the verdict of the jury set aside, a new trial awarded the defendant, and the case remanded to the Intermediate Court of Kanawha County.

*Reversed;*
*verdict set aside;*
*new trial awarded.*