STATE OF WEST VIRGINIA

*v.*

RAY KESSINGER

(No. 10990)

Submitted January 27, 1959.    Decided March 10, 1959.

*Horace S. Meldahl,* for plaintiff in error.

*W. W. Barron,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for defendant in error.

BERRY, JUDGE:

This is a criminal case involving the prosecution of defendant, Ray Kessinger, for nonsupport of three of his infant children under the age of sixteen years. A warrant was issued by a justice of the peace in Putnam County on the complaint of defendant's wife, Glada Kessinger. The warrant was taken by a constable in Putnam County

to a justice of the peace in Kanawha County where it was approved by a justice in Kanawha County, after which the defendant was arrested and brought before the justice in Kanawha County before whom defendant then gave a bond for his appearance before the justice who issued the warrant in Putnam County.

The defendant was tried by a justice in Putnam County, found guilty and appealed his conviction to the Circuit Court of Putnam County.

The defendant filed a plea in abatement in the Circuit Court of Putnam County which was demurred to by the state and the court sustained the demurrer. The case was tried by a jury in the Circuit Court of Putnam County and defendant was found guilty by the jury. The defendant's motion to set aside the verdict was overruled by the trial court and he was sentenced by said court to serve a term of one year in jail and fined $500. and costs, or in lieu thereof, ordered to pay to the mother of said infant children the amount of $150. per month for their maintenance and support until said children reached the age of sixteen years or until further order of the court. A writ of error and supersedeas was granted to the aforesaid judgment of the Circuit Court of Putnam County.

The defendant and his wife had been married for about 18 years and were the parents of four daughters, one of whom is seventeen years of age and lives with her father, the defendant. There is no question in this case concerning the paternity of the children. The evidence indicates that the defendant and his wife had marital difficulties during the major portion of their marriage. They had engaged in numerous quarrels and fights during this period of time and had attempted to enter into a separation agreement. There is considerable conflict in the evidence as to who was at fault in connection with the various arguments and fights had between the defendant and his wife. They had lived in Texas and Oklahoma but came to South Charleston in Kanawha County in June, 1957. On January 10, 1958 the defendant's wife

moved from their apartment in South Charleston to Hurricane, Putnam County, West Virginia, taking with her the three children in question. She claimed that she was forced to leave the apartment they occupied in South Charleston because of her husband's mistreatment and that he was attempting to drive her insane. The defendant claims that she was at fault in the various arguments and that she left the home he had provided without just cause. He had agreed to leave after one of the arguments but returned, saying that he could not find a place to live. The defendant admitted that he had not contributed to the support of their children since they left South Charleston. On January 16, 1958 Glada Kessinger, defendant's wife, appeared before a justice in Putnam County and the warrant in question was issued upon her complaint.

The defendant complained of his arrest by the constable from Putnam County. However, there would appear to be no merit to this contention because the warrant was approved in Kanawha County in accordance with the statute. See Code 62-1-3. Furthermore, he voluntarily, upon advice of his counsel, gave bond to appear before the justice in Putnam County, which he did, and was tried by said justice in Putnam County. He further complains that he should not have been tried in Putnam County, since the offense, if any, was committed in Kanawha County. This contention also lacks merit because he could be tried in either county. An offense of nonsupport can be tried in any county in which the accused or the wife, child or children may be at the time such offense, or any part thereof, took place, or where the offender may be at the time such complaint is made. See Code 48-8-6.

One of the many errors assigned here is directed to the trial had in the justice court from which an appeal was taken to the Circuit Court. If any errors were committed in the justice court they cannot be assigned now, because upon an appeal from a judgment in the justice court, the case is tried *de novo*. Code 50-18-10. This is

a well known principle followed in this state relative to this question. It is succinctly stated in 1 Michie's Jurisprudence, § 363, page 804, which reads: "Upon an appeal from the judgment of a justice the case is tried *de novo;* the judgment of the justice in no way enters into consideration of the case upon the trial." See *DeArmit* v. *Town of Whitmer,* 63 W. Va. 300, 60 S. E. 136.

Another ground of error assigned by the defendant is that the trial court erred in sustaining the demurrer to the plea in abatement. The plea in abatement filed in this case relates to matters dealing with the merits, all of which should be, and were, taken up and disposed of under the plea of not guilty. See *Fitch* v. *Commonwealth,* 92 (Va.) 824, 24 S. E. 272. The plea in abatement was not sufficient in law and was therefore properly attacked by demurrer. The disposition of this plea by the trial court when it sustained the demurrer to the plea amounts to trial on an issue of law and satisfies the requirement of Code 56-4-38, that pleas in abatement should first be tried. See *Lawhead* v. *Bank,* 119 W. Va. 467, 194 S. E. 79.

Another ground assigned as error was that the trial court did not sustain the defendant's motion to quash the warrant because it was multifarious. The warrant upon which the defendant was tried was issued by the justice for the nonsupport of both the wife and three children of defendant. If the case had gone to trial for the support of both the wife and children the motion to quash should not have been granted because the joinder of two or more offenses of the same general nature is not good ground for quashing same. *State* v. *Counts,* 90 W. Va. 338, 110 S. E. 812. However, in the case at bar the state moved the court to dismiss as to the wife, which motion was granted, and went to trial only for the nonsupport of the three infant children. This procedure was entirely proper and the alleged error has no merit. *Mitchell* v. *Commonwealth,* 141 (Va.) 541, 127 S. E. 368.

Several grounds of error are assigned with regard to

matters that occurred in Texas and Oklahoma which happened more than a year before the trial of this case and had no bearing on whether or not the defendant is guilty of not supporting his children at the time the warrant was issued in Putnam County if they were in destitute and necessitous circumstances at such time.

Numerous grounds of error are assigned relative to the closing argument of the prosecuting attorney. The argument of the prosecuting attorney as contained in the record does not appear to be irregular and the language referred to in defendant's brief is not present.

Another ground of error assigned is to the effect that the trial court erred in not sustaining defendant's motion for a judgment *non obstante veredicto*. This assignment is not well taken because said motion is based upon the pleading and not the evidence and we have indicated herein that there was proper pleading in this case. *Mullins* v. *Baker*, decided at this term of this Court, 144 W. Va. 92, 107 S. E. 2d 57; *Holt* v. *Elevator Co.*, 78 W. Va. 785, 90 S. E. 333.

Several grounds of error are assigned dealing with the claim of false swearing and erroneous rulings on evidence by the trial court. It is sufficient to answer these assignments by saying that there was a conflict of evidence and all such matters dealing with the weight of the evidence and the credibility of the witnesses is within the province of the jury. *Young* v. *Insurance Co.*, 114 W. Va. 716, 173 S. E. 566. The other matter referred to was clearly within the discretion of the trial court in this case and we can see no error committed by the court in these instances.

The trial court, however, in this criminal case gave two instructions offered by the state instructing the jury that they could find the accused guilty upon the preponderance of the evidence and refused to give the instruction offered by the defendant to the effect that the charge against the defendant must be proved beyond a reasonable doubt. This is reversible error. It is true

that under the provisions of Code 48-8-5 the paternity of a child may be determined by a preponderance of the evidence, but there was no question in issue in this case as to the paternity of the children involved. The defendant admitted that he was the father of the children. Therefore all of the essential elements as to defendant's guilt in this case during the trial in the Circuit Court of Putnam County and under the settled law have to be proved by the state beyond a reasonable doubt. *State* v. *Murphy,* 93 W. Va. 477, 117 S. E. 147. This principle is aptly stated by Judge Given in the case of *State* v. *Fitzsimmons,* 137 W. Va. 585, 589, 73 S. E. 2d 136, wherein he says: "The rule requiring that evidence in a criminal case must establish guilt beyond any reasonable doubt is so well established and known that we need not discuss it or cite authorities."

For the reason last above stated, the judgment of the Circuit Court of Putnam County is reversed, the verdict set aside, a new trial awarded the defendant and the case remanded.

*Reversed and remanded.*