STATE OF WEST VIRGINIA

*v.*

HERMAN CLAY

(No. 13659)

Decided July 15, 1977.

*James M. Cagle* for plaintiff.

*Chauncey H. Browning*, Attorney General, *Richard L. Earles*, Assistant Attorney General, for defendant in error.

CAPLAN, CHIEF JUSTICE:

Herman Harrison Clay, the appellant, was indicted by the grand jury serving the Circuit Court of Logan County on the charge of failing "to provide the support and maintenance of Debra Keyser, she, the said Debra Keyser, being the illegitimate daughter of the said Herman Harrison Clay, and being under the age of eighteen years, to-wit: eleven months old, and then and there in destitute and necessitous circumstances."

In the trial that followed, the jury found him guilty as charged in the indictment. An order was entered on the verdict wherein the court directed the defendant to pay for the child's support. The defendant's motion to set aside the verdict having been overruled, he prosecutes this appeal.

Although the appellant assigns several grounds of error, the principal ground upon which he relies is the giving of an instruction wherein the court told the jury that paternity need only be proved by a preponderance of the evidence but that "[a]ll of the other elements of the offense as charged in the indictment must be proved beyond a reasonable doubt."

It is contended by the defendant that paternity, being an issue in this case for jury determination, is an element of the crime charged—nonsupport of an alleged illegitimate child—and therefore must be proved beyond a reasonable doubt. A lesser requirement, says the defendant, would constitute a denial of due process of law.

Asserting that the instruction alluded to above is proper, the State relies on *W. Va. Code*, 1931, 48-8-5, which reads, in part:

> No other or greater evidence shall be required to prove ... that the defendant is the father ... of such child or children, than is or shall be required to prove such facts in a civil action ...

The State also cites and relies on *State v. Kessinger*, 144 W. Va. 209, 107 S.E.2d 367 (1959) and *State v. Fitzsim-*

*mons*, 137 W. Va. 585, 73 S.E.2d 136 (1952) which held that to sustain a conviction for nonsupport of an illegitimate child, the evidence must establish guilt beyond a reasonable doubt of every essential element of the crime, except that the question of paternity of the child may be established by a preponderance of the evidence. In *Kessinger, supra,* paternity was admitted so the proof thereof was not required by the jury. In *Fitzsimmons, supra,* the Court, in requiring only a preponderance of the evidence to prove paternity relied entirely on *W. Va. Code,* 1931, 48-8-5.

Heretofore, no attack has been made on the constitutionality of that code provision as constituting a denial of due process when applied to a charge of nonsupport of an illegitimate child. It is conceded that the charge of nonsupport of a child, legitimate or illegitimate, is criminal in nature. Thus, every element thereof must be proved beyond a reasonable doubt. "The rule requiring that evidence in a criminal case must establish guilt beyond any reasonable doubt is so well established and known that we need not discuss it or cite authorities." *State v. Fitzsimmons, supra.* Decisive of the issue raised by this assignment of error is whether paternity is an element of the crime charged in this indictment. The defendant is charged with being the father of an illegitimate child and with nonsupport of such child. He has not admitted paternity. In fact, the record is replete with evidence that this child's mother had sexual relations with several other men during the period of time in which the child was allegedly conceived. It is therefore incumbent upon the jury, in order to convict, to find guilt, not only of nonsupport, but also of paternity. Certainly, if he is not the father he has no legal obligation of support.

We find that paternity of the child in the instant indictment is an element of the crime charged therein and that it must be proved beyond a reasonable doubt. "In a criminal prosecution the burden is on the state to prove beyond a reasonable doubt every essential allegation of

the indictment." Syllabus No. 1, *State v. Murphy*, 93 W. Va. 477, 117 S.E. 147 (1923). *See*, 5B M.J., *Criminal Procedure*, § 54 and the many cases cited therein. The trial court therefore committed reversible error in instructing the jury that paternity need be established only by a preponderance of the evidence rather than beyond a reasonable doubt.

Wherein *State v. Kessinger*, *supra*, *State v. Fitzsimmons*, *supra*, or any other case holds that in a criminal case charging nonsupport of an illegitimate child, paternity may be proved by a preponderance of the evidence rather than beyond a reasonable doubt, such cases are, to that extent, overruled. Having decided that under this indictment paternity was an essential element of the crime, we further hold that the failure to require proof thereof beyond a reasonable doubt constitutes a denial of due process of law under Article 3, Section 10 of the *Constitution of West Virginia* and the Fourteenth Amendment of the *United States Constitution*. "Lest there remain any doubt about the constitutional stature of the reasonable doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358 (1970). Therefore, any application of *W. Va. Code*, 1931, 48-8-5, which permits proof of an essential element of a crime by any standard other than beyond a reasonable doubt is constitutionally impermissible.

We do not in this opinion consider or rule upon the standard of proof required in a bastardy proceeding which has been held to be civil in nature. We hold here only that all elements of a crime charged in an indictment must be established by proof beyond a reasonable doubt before a conviction can be sustained.

We find no merit in the additional assignments of error. There is no substance to the defendant's request for an instruction which, aside from a finding of guilty or

not guilty of nonsupport of an illegitimate child, would permit the jury to find him guilty of being the father of the child. Being the father of an illegitimate child is not a criminal offense in this state and a jury verdict in this case would be of no consequence. The trial court properly refused such instruction.

The trial court permitted the child to be brought before the jury over the objection of the defendant and error is assigned on that ground. In view of the holding in *Pope v. Kincaid*, 99 W. Va. 677, 129 S.E. 752 (1925), which permitted a child to be brought before a jury in a bastardy proceeding, and further, inasmuch as the defendant on his own initiative produced the child before the jury, we find no reversible error. *See also, Worley v. Lavender*, 147 W. Va. 803, 131 S.E.2d 752 (1963).

The defendant assigns as error the giving of State's Instruction No. 2 which instructed the jury that in a prosecution for the nonsupport of an illegitimate child it is no defense that the child has been supported by state welfare and that it was the object and spirit of the nonsupport statute to compel the father of the child to support the child and thus prevent the child from becoming a charge upon the public. From an examination of the record we do not find any attempt by the prosecution to introduce matters to prejudice the defendant. It is incumbent upon the state to show that the child is in destitute and necessitous circumstances. While the latter part of this instruction was not necessary for disposition of the case by the jury, we find that its inclusion did not constitute reversible error.

For the reasons stated herein the judgment of the Circuit Court of Logan County is reversed and the defendant is granted a new trial.

Justice McGraw concurs in part but dissents on Syllabus No. 1.

> *Reversed and remanded*
> *for a new trial.*