292 S.E.2d 654

**STATE ex rel. Pamela J. TORYAK**

v.

**Ralph A. SPAGNUOLO.**

No. 14939.

Supreme Court of Appeals of West Virginia.

June 23, 1982.

B. Keith Huffman, Asst. Atty. Gen., Charleston, for appellee.

Douglas A. Cornelius, Clarksburg, for appellant.

MILLER, Chief Justice:

The appellant, Ralph A. Spagnuolo, appeals from a final decision of the Circuit Court of Harrison County adjudicating him to be the father of an illegitimate child. The appellant's only assignment of error raises the question of what is the proper standard of proof in a paternity action. The appellant contends that the lower court improperly held that only proof by a preponderance of the evidence was required.

The appellant was arrested June 13, 1979, on a warrant charging him with fathering the appellee's illegitimate child. *W. Va. Code*, 48–7–1, *et seq.* The appellant's first trial, on November 13, 1979, ended in a mistrial. At his retrial on March 18 and March 19, 1980, the jury concluded that the appellant had fathered the appellee's child and the court ordered him to pay $100.00 per month child support until the child reaches age eighteen or dies. The appellant contends here that paternity proceedings pursuant to *W. Va. Code*, 48–7–1, *et seq.*, are criminal trials, and that the lower court erred in refusing to give his instructions informing the jury that the standard of proof in such cases is proof beyond a reasonable doubt.

In support of his contention that paternity proceedings are criminal actions, the appellant notes that in such actions: a warrant is issued, the defendant is arrested, required to post bond and may be imprisoned for noncompliance; he must plead guilty or not guilty; he has a right to a jury trial; the action is prosecuted by the county prosecutor, and, if convicted, the defendant can be imprisoned for failure to post bond and pay child support. *W. Va. Code*, 48–7–1, *et seq.*

We used much the same reasoning in *State ex rel. Graves v. Daugherty*, 164 W.Va. 726, 266 S.E.2d 142 (1980) to require under due process concepts, the right of an indigent putative father to have court appointed counsel and a state paid blood test in a bastardy proceeding under *W. Va. Code*, 48–7–1, *et seq.*[1] In *Daugherty*, we also noted the interrelationship between the paternity issue involved in a bastardy proceeding under *W. Va. Code*, 48–7–1, and a criminal non-support proceeding under *W. Va. Code*, 48–8–1, *et seq.*, which can be used for the support of an illegitimate child.

---

1. Syllabus points 1 and 2 of *State ex rel. Graves v. Daugherty, supra,* stated:

"1. Due process requires that an indigent defendant charged with paternity of an illegitimate child under *W. Va. Code*, 48–7–1, *et seq.*, be provided court-appointed counsel.

"2. Indigent paternity defendants, who move the court to order blood grouping tests under *W. Va. Code*, 48–7–8, are entitled to have the expense borne by the State."

"He is also subject to misdemeanor criminal prosecution for non-support, *Code*, 48–8–1, *et seq.* We have frequently held that the non-support statute must be read *in pari materia* with the paternity law. *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968); *State ex rel. Worley v. Lavender*, 147 W.Va. 803, 131 S.E.2d 752 (1963). Paternity, as an element of the crime of non-support, must be proved beyond a reasonable doubt. *State v. Clay*, 160 W.Va. 651, 236 S.E.2d 230 (1977)." 164 W.Va. 732, 266 S.E.2d at 145.

In Syllabus Point 1 of *State v. Clay*, 160 W.Va. 651, 236 S.E.2d 230 (1977), we held that where a criminal non-support proceeding is utilized under *W.Va.Code*, 48–8–1 *et seq.*, for support of an illegitimate child the defendant's paternity of the illegitimate child must be proved beyond a reasonable doubt.

"In an indictment charging a defendant with nonsupport of an illegitimate child, the paternity of the child, if contested, is an essential element of the crime charged and must be proved beyond a reasonable doubt."

We also recognized in *Clay, supra*, that this was a change in our prior law which had held that paternity need only be proven by a preponderance of the evidence in a criminal non-support proceeding.[2]

Recently, in *State ex rel. S. M. B. v. D. A. P.*, 168 W.Va. 455, 284 S.E.2d 912 (1981), we dealt with the constitutionality of the three-year statute of limitation contained in the bastardy section of *W.Va.Code*, 48–7–1, and concluded it violated equal protection principles. In the course of that opinion in speaking of a bastardy proceeding we said:

"While a paternity action does not involve potentially either a fine or imprisonment, nonetheless, the action is begun by warrant in Magistrate Court and has many of the attributes of a criminal prosecution. *See State ex rel. Graves v. Daugherty*, 164 W.Va. 726, 266 S.E.2d 142 (1980). Preeminent among these attributes is the requirement that paternity be proven beyond a reasonable doubt." 168 W.Va. 460, 284 S.E.2d at 915.

It is clear that the paternity issue in a bastardy proceeding under *W.Va.Code*, 48–7–1, *et seq.* is identical to the paternity issue on a criminal non-support charge of an illegitimate child under *W.Va.Code*, 48–8–1, *et seq.* We have mandated in *State v. Clay, supra*, that a criminal non-support proceeding on behalf of an illegitimate child requires proof of paternity beyond a reasonable doubt. In *State ex rel. Graves v. Daugherty*, involving a bastardy proceeding under *W.Va.Code*, 48–7–1, *et seq.*, we recognized the criminal implications of the procedure and noted that once paternity was established the defendant was subject to criminal non-support.[3] Consequently, it is clear that because of the identicality of the paternity issue and the fact that both proceedings have been found to be criminal in nature, proof of paternity must be established beyond a reasonable doubt in both proceedings.

■ We, therefore, conclude that in a proceeding upon a bastardy charge under *W.Va.Code*, 48–7–1, *et seq.*, the paternity of the child, if contested is an essential element of the charge, and must be proved beyond a reasonable doubt. To the extent that *State ex rel. Worley v. Lavender*, 147 W.Va. 803, 131 S.E.2d 752 (1963); *State ex rel. Crouser v. Mercer*, 141 W.Va. 691, 92 S.E.2d 745 (1956) (previously overruled on other grounds); *Holmes v. Clegg*, 131

---

**2.** Syllabus points 2, 3 and 4 of *State v. Clay, supra*, state:

"2. To the extent that *State v. Kessinger*, 144 W.Va. 209, 107 S.E.2d 367 (1959) and *State v. Fitzsimmons*, 137 W.Va. 585, 73 S.E.2d 136 (1952) are inconsistent with the holding of this case, such cases are overruled.

"3. 'In a criminal prosecution the burden is on the state to prove beyond a reasonable doubt every essential allegation of the indictment.' Point 1, Syllabus, *State v. Murphy*, 93 W.Va. 477 [117 S.E. 147] (1923).

"4. Any application of *W.Va.Code*, 1931, 48–8–5, which permits proof of an essential element of a crime by any standard other than beyond a reasonable doubt is constitutionally impermissible."

**3.** It would appear that once paternity is established in a bastardy proceeding under *W.Va. Code*, 48–7–1, *et seq.*, if the defendant fails to make support payments, he could be prosecuted under the criminal non-support statute, *W.Va. Code*, 48–8–1, *et seq.*, but would not be able to relitigate his paternity again.

W.Va. 449, 48 S.E.2d 438 (1948); *State ex rel. Rufus v. Easley*, 129 W.Va. 410, 40 S.E.2d 827 (1946); *State ex rel. Cottrill v. Jarvis*, 121 W.Va. 496, 5 S.E.2d 115 (1939); *Pope v. Kincaid*, 99 W.Va. 677, 129 S.E. 752 (1925); *Waters v. Riley*, 87 W.Va. 250, 104 S.E. 559 (1920); *Bowen v. Parson*, 78 W.Va. 791, 90 S.E. 336 (1916); *Bratt v. Cornwell*, 68 W.Va. 541, 70 S.E. 271 (1911); and *Swisher v. Malone*, 31 W.Va. 442, 7 S.E. 439 (1888) are inconsistent with this holding, they are overruled. The defendant was entitled to an instruction requiring proof of his paternity beyond a reasonable doubt and the failure to give such an instruction was reversible error.

For the foregoing reasons, the decision of the Circuit Court of Harrison County is hereby reversed and the case is remanded for a new trial.

Reversed and remanded.