304 S.E.2d 681

**STATE of West Virginia**

v.

**Glenn PRYOR.**

No. 15747.

Supreme Court of Appeals of West Virginia.

June 29, 1983.

228

K. Bruce Lazenby, Pros. Atty., Arthur A. King, and Lawrence R. Frail, Asst. Pros. Attys., Beckley, for appellee.

Robert A. Burnside, Jr., File, Payne, Scherer & Brown, Beckley, for appellant.

## PER CURIAM:

Glenn Pryor appeals the November 18, 1981 final order of the Circuit Court of Raleigh County, which adjudged him to be the father of an illegitimate child. We conclude that the trial court committed reversible error in refusing an instruction requiring proof of appellant's paternity beyond a reasonable doubt.

The appellant was arrested in September, 1979 on a warrant charging him with bastardy. *W. Va. Code*, 48–7–1 [1969]. He denied paternity, and the issue was tried before a jury. The prosecutrix testified that she had engaged in sexual contact with the appellant, and that although there was no penetration there was an ejaculation near the vaginal area. She further stated that she had not had sexual contact with anyone else. The appellant denied that intercourse had occurred between them, but admitted to a sexual encounter with the prosecutrix when she was some three months pregnant.

The appellant's motions for a directed verdict because of insufficient evidence were denied by the court, as were his instructions requiring proof of paternity beyond a reasonable doubt and stating that he was entitled to the presumption of innocence. The jury found him guilty by a preponderance of the evidence. The court denied appellant's motion for a new trial and entered judgment on the verdict, ordering him to pay $75 per month as support for the child. The appellant now appeals these rulings by the trial court.

■ Our decision in this case is controlled by the single syllabus of *State ex rel. Toryak v. Spagnuolo*, 170 W.Va. 234, 292 S.E.2d 654 (1982), in which we held:

"In a proceeding upon a bastardy charge under *W. Va. Code*, 48–7–1 *et seq.*, the paternity of the child, if contested, is an essential element of the charge, and must be proved beyond a reasonable doubt."

Although the appellant's trial took place before our decision in *Toryak, supra,* the appellant preserved this point at trial and on appeal to this court, and is thus entitled to the benefits of our clarification of the rule. *State v. Gangwer,* 168 W.Va. 190, 283 S.E.2d 839 (1981). The trial court's refusal of appellant's instructions requiring proof of paternity beyond a reasonable doubt mandates reversal of his conviction. *Toryak,* 170 W.Va. at 237, 292 S.E.2d at 656. Since the appellant is entitled to a new trial, we shall address his remaining assignments of error.

The appellant also contends that because of the quasi-criminal nature of bastardy proceedings, due process entitles him to an instruction on the presumption of innocence. In *State ex rel. Graves v. Daugherty,* 164 W.Va. 726, 266 S.E.2d 142 (1980), this Court recognized "[t]he significant liberty and property consequences of a paternity determination", 164 W.Va. at 732, 266 S.E.2d at 145, and held that due process required that an indigent bastardy defendant be provided with court-appointed counsel and blood tests at the expense of the State. The criminal aspects of a bastardy prosecution were also discussed in *Toryak, supra,* and *State ex rel. S.M.B. v. D.A.P.,* 168 W.Va. 455, 284 S.E.2d 912 (1981).

The presumption of innocence is an integral part of criminal due process, and is itself a constitutional guarantee embodied in Article III, Section 10 of the West Virginia Constitution. *State v. Boyd,* 160 W.Va. 234, 233 S.E.2d 710, 716 (1977), *citing, Pinkerton v. Farr,* 159 W.Va. 223, 220 S.E.2d 682 (1975). Since the appellant is entitled to many of the protections afforded criminal defendants, including proof of his paternity beyond a reasonable doubt, it follows that criminal due process entitles him to an instruction on the presumption of innocence.

Finally, the appellant contends that the evidence was insufficient to sustain the verdict, because no penetration was proved and the State failed to introduce evidence that pregnancy could result without actual intercourse. We note that the prosecutrix denied any sexual contact with men other than the appellant; nevertheless, she became pregnant somehow. We believe that the jury was entitled to decide whether her testimony proved the appellant was the father of her child. The trial court did not err in denying appellant's motions for a directed verdict and to set aside the verdict on the grounds of insufficient evidence.

The appellant is entitled to a new trial, with proper instructions on the standard of proof and the presumption of innocence. Accordingly, the judgment of the Circuit Court of Raleigh County is hereby reversed and the case is remanded for a new trial.

Reversed and remanded.