310 S.E.2d 206

**STATE of West Virginia ex rel. Barbara Ella ADKINS**

v.

**Thomas Edward HOSEY, Jr.**

**No. 15630.**

Supreme Court of Appeals of West Virginia.

Dec. 13, 1983.

S. Clark Woodroe, Asst. Atty. Gen., Charleston, for appellant.

No counsel for appellee.

PER CURIAM:

The State, at the relation of Barbara Ella Adkins, appeals the Cabell County Circuit Court's dismissal of a complaint and warrant charging Thomas Edward Hosey, Jr. with being the father of an illegitimate female child. We conclude that the case should be reinstated, and reverse the circuit court.

The child in question was born on February 29, 1976. On June 6, 1978 a warrant was issued by a Cabell County magistrate charging that the respondent fathered the child. The relator was permitted to withdraw the complaint and warrant on March 19, 1981, after the respondent promised to pay support for the child. The respondent did not keep his promise, however, and the relator moved to revive the warrant in

magistrate court on August 28, 1981. The magistrate held that the magistrate court lacked jurisdiction to compromise or dismiss a paternity action, and remanded the original warrant to the sheriff for execution. The respondent was served with this warrant on September 10, 1981.

On October 2, 1981 the respondent appeared in circuit court, pled not guilty, and moved to dismiss the warrant, contending that it was reinstituted after the three-year statute of limitations for bastardy proceedings had run, and was improperly reopened in magistrate court. The circuit judge dismissed the case, without stating his reasons for so doing. The State now seeks to reopen the proceedings to establish support and paternity for the child.

In syllabus point 1 of *State ex rel. S.M.B. v. D.A.P.*, 168 W.Va. 455, 284 S.E.2d 912 (1981), we held:

"The arbitrary imposition of a three year limitation of actions to establish paternity established by *W.Va.Code*, 48–7–1 [1969] is unconstitutional under *W.Va. Const.* art. III, §§ 10 and 17."

Therefore, any decision by the circuit court based upon this statute of limitations constituted reversible error.

We are also of the opinion that the magistrate court was without jurisdiction to compromise or dismiss a bastardy proceeding. *Dent v. McDougle*, 75 W.Va. 588, 590, 84 S.E. 382, 383 (1915); *Holmes v. Clegg*, 131 W.Va. 449, 452, 48 S.E.2d 438, 440 (1948), *rev'd on other grounds*, 292 S.E.2d 654, 656 (1981). Thus, the original warrant was still of legal force and effect at the time of the circuit court's action, and the State was entitled to proceed upon it to the merits of the case.

For the foregoing reasons, the October 26, 1981 decision of the Circuit Court of Cabell County is hereby reversed, and the case is remanded with directions that the proceedings In Bastardy, No. 81–2911, be returned to the docket of the court.

Reversed and remanded.