330 S.E.2d 323

**Jean TURNER**

v.

**James JONES, Jr.**

No. 16193.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1985.

Decided May 10, 1985.

Roger L. Perry, Asst. Pros. Atty., Logan, for appellant.

Hugh C. Avis, Avis & Whitten, Logan, for appellee.

PER CURIAM:

This is an appeal of the dismissal by the Circuit Court of Logan County of the plaintiff's complaint in a civil action commenced to establish the paternity of, and obtain support for, the plaintiff's daughter, born on July 28, 1972. The instant complaint was filed on August 19, 1983, under the recently enacted Intrastate Support Act codified at West Virginia Code § 48-7-1 *et seq.* (Supp.1984). Based upon West Virginia Code § 48-7-4(a) (Supp.1984), which requires that such civil actions be brought within ten years of the birth of the child, the circuit court dismissed the complaint. The limited record in this appeal indicates that prior to the filing of the instant complaint, the plaintiff had, on three earlier occasions, attempted to secure child support from the appellee by resort to magistrate court and the county prosecutor. For reasons not disclosed in the record, none of these proceedings culminated in a determination of the merits of the paternity and support claims.

In *State ex rel. S.M.B. v. D.A.P.,* 168 W.Va. 455, 284 S.E.2d 912 (1981), this Court struck down a three-year limitation contained in the provisions which previously governed paternity actions in this State. The United States Supreme Court has subsequently invalidated similar one-year and two-year limitation statutes. *See Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71

L.Ed.2d 770 (1982) (Texas statute); *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983) (Tennessee statute).

In *S.M.B.*, we found the three-year limitation unduly restrictive of the support rights of children born out of wedlock, and thereby violative of their constitutional right to equal protection under the laws of this State. Accordingly, under the doctrine of least intrusive remedy, we invalidated only the limitation bar and let the remaining provisions stand. Two years later, in *State ex rel. Adkins v. Hosey*, 172 W.Va. 689, 310 S.E.2d 206 (1983), we held that that three-year limitation period found unconstitutional in *S.M.B.* could not be used to dismiss a paternity claim previously barred by this statute of limitation prior to our decision in *S.M.B.* Although not articulated in *Hosey*, the underlying basis for our holding in that case is the fundamental principle that, "Generally, when a statute or ordinance is declared unconstitutional, it is inoperative, as if it had never been passed." Syl. pt. 6, *Fairmont v. Pitrolo Pontiac-Cadillac Company*, 172 W.Va. 505, 308 S.E.2d 527 (1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2169, 80 L.Ed.2d 553 (1984); *see also* Syl. pt. 2, *Morton v. Godfrey L. Cabot, Inc.*, 134 W.Va. 55, 63 S.E.2d 861 (1949).

In 1983, the legislature made substantial changes to the Chapter 48, article 7 provisions relating to paternity and support and reenacted the article under the title "Intrastate Support Act." *See* 1983 West Virginia Acts, ch. 60. Included in the new provisions, which took effect June 10, 1983, was the ten-year statute of limitations for paternity actions which is the subject of this appeal. *See* West Virginia Code § 48-7-4(a) (Supp.1984). We find that, upon due process grounds, the new statute of limitations cannot be applied to the plaintiff's complaint filed and dismissed below. Therefore, we do not reach the question of the facial validity of the provision under equal protection concerns similar to those raised in *S.M.B.*

The 1983 changes in the statutory procedures for determining the existence and extent of a duty of child support manifest the legislature's intent to modernize the law in this area. For example, the new paternity suit provisions remove many of the quasi-criminal aspects formerly present under the old statute. *See State ex rel. S.M.B. v. D.A.P.*, 168 W.Va. 455, 284 S.E.2d 912. Additionally, the 1983 provisions recognize and incorporate the recent advances in scientific technology which may be employed to determine a putative father's lack of paternity. *See* West Virginia Code § 48-7-4(b) (Supp.1984).

■ In bringing needed change to the law, however, the legislature may not cut off existing causes of action, at least not without allowing a reasonable opportunity to respond to changes in the law. Although the limited record before us does not indicate why, the plaintiff was never given the opportunity to present any evidence in her prior attempts to establish paternity. The repeated attempts to establish the child's right to support do, however, heighten the patent unfairness of applying a newly enacted limitation bar to permanently deny the opportunity to present evidence in this case. As a fundamental proposition, "The Due Process Clause, Article III, Section 10 of the West Virginia Constitution, requires procedural safeguards against State action which affects a liberty or property interest." Syl. pt. 1, *Waite v. Civil Service Commission*, 161 W.Va. 154, 241 S.E.2d 164 (1977).

■ Prior to the recent enactment of the ten-year limitation on such actions, the plaintiff's ability to bring an action to determine paternity and support obligations, under our holding in *S.M.B.*, was limited only by the practical time constraints of the child's minority status. The time limitation created under West Virginia Code § 48-7-4(a) (Supp.1984), in effect, extinguished the plaintiff's remedy without reasonable opportunity to seek the same. Where a new statute shortens the period within which a remedy may be enforced, to comport with due process, it must provide a reasonable time for bringing actions which have already accrued but have not been filed before the statute takes effect. *See Flippen v. Jarrell*, 301 N.C. 108, 270 S.E.2d 482 (1980) (and cases cited therein).

The plaintiff in the instant proceeding, in response to the new statute, promptly sought to preserve her remedy by filing her complaint. To bar the plaintiff's cause of action without reasonable time to respond to the new statutory time requirement fails to meet the standard of due process required in this particular situation. Accordingly, we hold that the ten-year limitation under West Virginia Code § 48-7-4(a) (Supp.1984) cannot be constitutionally applied to the plaintiff's complaint which is the subject of this appeal.

For the foregoing reasons, the October 17, 1983 decision of the Circuit Court of Logan County is hereby reversed, and the case is remanded for further proceedings.

Reversed and remanded.