# CHARLESTON.

## STATE *v.* HUNTER.

Submitted January 20, 1893.—Decided March 25, 1893.

1. NEW TRIAL.
    Where a motion for a new trial is made, on the ground that the verdict is contrary to the evidence, and the motion is denied, the opinion of the court, which tried the cause, is on such point entitled to great respect in the appellate court.

2. NEW TRIAL.
    And the appellate court in such case will grant such new trial only in the case of a plain deviation from right and justice.

3. A case in which this rule is applied.

J. E. CHILTON and J. C. THOMAS, for plaintiff in error.

Attorney General ALFRED CALDWELL, for the State cited Code, c. 148, s. 7 ; 35 W. Va. 372; 34 W. Va. 74; 3 Leigh. 436 ; 17 Gratt, 452.

HOLT, JUDGE :

This was an indictment in the Circuit Court of Boone county against the defendant, Samuel Hunter, under section 7, c. 148, of the Code, for carrying dangerous or deadly weapons. On April 24, 1891, defendant entered the plea of not guilty, and, a trial by jury having been waived, the case was submitted to the court; and the court after hearing the evidence found defendant guilty and fixed his fine at twenty five dollars. Defendant moved for a new trial,

but the court overruled the motion; and defendant excepted and has brought the case here by writ of error.

The court certiffes that the evidence tended to prove the following facts: That witness Buchanan Pauley sold defendant the revolver in question on the 24th day of December, 1889. That defendant did not go home that day, but went to the house of Marion Ferrell, some half mile from the store near Van Linvilles. On the 25th day of December, 1889—Christmas day—V. B. Jarrell saw defendant Hunter, at said store, take the pistol out of his pocket, and put it back again. That defendant Hunter did not have any opportunity to get home until the 25th. That he never carried it after he took it home but had sold it and had not carried a pistol since.

Defendant relies upon that clause of section 1, c. 148, which says: "but nothing herein contained shall be so construed as to prevent any person from keeping or carrying about his dwelling-house or premises any such revolver or other pistol, or from carrying the same from the place of purchase to his dwelling-house." It does not appear how far defendant's home was from the place of purchase. The Circuit judge evidently came to the conclusion that when defendant took the pistol out of his pocket, on Christmas day, the day after the purchase, he was not carrying it from the place of purchase to his dwelling-house within the meaning of the statute. He saw the witnesses face to face, and could, better than we can, judge of their credibility; and we can not reverse the finding and judgment of the court below, unless it plainly appear that the finding is erroneous. See *State* v. *Barnett*, 34 W. Va. 74–78 (11 S. E. Rep. 735); *Dudleys* v. *Dudleys*, 3 Leigh, 436; *Mitchell* v. *Barutta*, 17 Gratt. 452; *State* v. *Workman*, 35 W. Va. 367-374 (14 S. E. Rep. 9).

The judgment must therefore be affirmed.

AFFIRMED.