# CHARLESTON.

MARGARET DUNN v. R. S. PRINDLE.

Submitted October 16, 1917.   Decided October 23, 1917.

1. APPEAL AND ERROR—*Verdict—Conflicting Evidence—Approval by Trial Court.*

   The verdict of a jury based upon conflicting evidence will not be set aside by this court, unless such verdict is a clear deviation from right and justice, and the approval thereof by the trial court is entitled to great respect in this court upon the review of that court's refusal to set aside the verdict. (p. 126).

2. TRIAL—*Instructions—Abstract Propositions.*

   An instruction embodying abstract propositions of law where there is no evidence to which to apply them, or some of them, is properly refused. (p. 126).

Appeal from Circuit Court, Cabell County.

Proceeding by Margaret Dunn for the probate of the will of Mrs. Jennie Prindle, deceased, opposed by R. S. Prindle. From a judgment of the circuit court against the proponent on appeal from the probate court's denial of probate, she appeals.

*Affirmed.*

*Pendleton L. Williams* and *Clarence E. Copen,* for appellant.

RITZ, JUDGE:

The capacity of Mrs. Jennie Carpenter Prindle to make a will is the issue involved in this case. In the fall of 1909 Mrs. Prindle developed a very severe cancer upon her right breast. Notwithstanding the attention of physicians and the treatment administered by them, her condition grew worse until her death on the 13th day of March, 1910. It appears that on the 15th day of February, 1910, she made and executed a will, and that again on the 24th day of February, 1910, she made and executed still another will. After her death the second will was presented for probate by her sister, Margaret Dunn, and the probate of it was resisted by her husband R. S. Prindle, upon the ground that the testa-

trix was not of sufficient capacity to make a will on the 24th of February, 1910. Upon a hearing in the county court the will was refused probate and the proponent appealed from that judgment to the circuit court of Cabell County. In the circuit court a trial was had before a jury, which jury found that the paper presented was not the true last will and testament of Jennie Carpenter Prindle. The circuit court refused to set aside this verdict, but rendered judgment thereon against the proponent of the will, who has brought the case here for review.

The only errors assigned are that the court erred in refusing to set aside the verdict of the jury, and to render judgment for the proponent of the will, notwithstanding such verdict, and also that the court erred in refusing to give to the jury a certain instruction asked by the proponent.

Upon the trial of this case in the court below the proponent introduced the subscribing witnesses to the will who testified that they had been well acquainted with Mrs. Prindle; that they had known her for several years prior to her death, and that their relations with her were of an intimate, neighborly character; that on the evening of the day upon which the will was executed they were called to the home of Mrs. Prindle for the purpose of witnessing the will, and at her request signed their names as subscribing witnesses. They testify that because of Mrs. Prindle's infirmity she was unable to sign her own name with her right hand, but that one of the subscribing witnesses held her left hand and traced her name upon the paper at her direction. They testify that on this occasion she showed no signs of mental incapacity; that her condition, insofar as her mentality was concerned, was in no wise different from what it had always been during the time they had known her; that she appeared to be entirely conscious of what she was doing, knew what property she had, and what disposition she was making of it. Other witnesses are introduced, including close relatives of Mrs. Prindle, who were with her almost constantly during her illness, who testify that at the time of the making of this will, and in fact during all of the time that she was ill, her mind was in nowise affected by her physical infirmity; that she was perfectly

conscious at all times of what property she owned, and that on the occasion of the making of the will she was entirely capable and knew fully the disposition she was making of her property. The evidence to show competency is very strong.

On the other hand, the respondent introduced two physicians who had attended Mrs. Prindle during her illness. The attentions of one of these physicians covered the period from the fall of 1909, when she first became ill, until her death in March, 1910. The attentions of the other covered the latter part of her illness. Both of these physicians testify that during the latter part of Mrs. Prindle's life from sometime in January, 1910, until her death, she was without the capacity to make a will; that she was during all of the time under the influence of opiates administered to her for the purpose of relieving the severe pain from which she suffered; that in addition to the effect of these opiates upon her mind, the poison from the cancer had so permeated her system that its vitality was entirely destroyed, and that the combined effect of the opiates administered to her and the poison from the cancerous condition had so far affected her will power and her mentality that she was incapacitated to do anything intelligently; that her will was destroyed, and that she was without the power to determine anything for herself. Her husband also testified that he was with her a very large part of the time during her last illness; that he neglected his business for the purpose of remaining with her and administering to her, and that during this time she was so far under the influence of these opiates, and so far affected by the poison from the cancerous condition, that she was without power to determine anything for herself, and her capacity was entirely gone, and he says that the reason he did not present this will, or the one executed earlier, for probate, is that he knew that she was not competent at the time she made either of the wills to know what disposition she was making of her property, or really to have an intelligent idea of the character or extent of her estate. Upon this highly conflicting evidence the jury found that the paper was not the true last will and testament of Mrs. Prindle, and we are

now asked to set aside that verdict because the same is contrary to the weight of the evidence.

The uniform holding of this court has been that where a jury has rendered a verdict upon conflicting evidence, and this verdict has been sustained by the trial court, the same will not be set aside, unless it clearly appears that manifest injustice has been done, and that such verdict is a plain deviation from the right of the matter involved. The fact that the trial court who heard the case has refused to set aside the verdict and has given it the stamp of his approval will be given great weight in this court. *Smith* v. *Parkersburg Co-operative Association,* 48 W. Va. 232; *State* v. *Hunter,* 37 W. Va. 744. Citation of authorities to support this proposition might be indefinitely extended, but these suffice to illustrate the principle. Can we say from the evidence in this case that a manifest injustice has been done? That the verdict of the jury is plainly wrong? The testimony was in sharp conflict. Witnesses with apparently equal opportunity to observe the condition of Mrs. Prindle testified directly opposite to each other. If the witnesses introduced by the proponent of the will were believed by the jury, then this was the last will and testament of Mrs. Prindle. If, however, the witnesses introduced by the respondent are to be believed, then Mrs. Prindle was without the capacity to make a will, or to do any other valid and binding act at the time of the execution of this paper. Peculiarly this case was for the jury, and their verdict will not be set aside upon the ground that it is contrary to the weight of the evidence.

Objection is made that the court refused to give to. the jury proponent's instruction No. 5, as follows: "The Court instructs the jury that in order for a woman to make a valid will, it is not necessary that she should possess the highest qualities of mind, nor that she should have the same strength of mind that she may formerly have had; that the mind may be in some degree debilitated, the memory may be enfeebled; she may possess weakness of understanding, eccentricity of character, and even want of capacity to transact many of the ordinary business affairs of life; but is sufficient if she possess mind enough to understand the nature of her property, to

know the object of her bounty and to comprehend the disposition of her property in its simplest forms." This instruction may correctly propound an abstract proposition of law, but unless there is evidence in the case to which the propositions embodied in the instruction can be applied, then it was not error for the court to refuse it. It must be borne in mind that the witnesses for the proponent testified clearly and explicitly that Mrs. Prindle's mind was in no manner impaired; that it was just as strong and clear as it had ever been; while the witnesses for the respondent testified that her mind was impaired to such an extent that she was without capacity to know what she was doing, or to determine any matter which required the exercise of judgment. How then can it be said that there is evidence to justify some of the statements contained in this instruction? For instance, what evidence is there that her memory had become enfeebled? What evidence is there that she possessed weakness of understanding, when one contention is that her understanding was complete, and the other that she was without the capacity to understand at all. What evidence is there that she displayed eccentricities of character? When we attempt to apply the evidence in this case to these statements we find that the court very properly refused to give this instruction. It must be assumed when the court gives an instruction he thereby tells the jury that there is evidence in the case to support the propositions contained in the instruction, and it is error to give an instruction unless there is evidence from which the jury may find the existence of the conditions which the instruction assumes. *Parker* v. *Building & Loan Association,* 55 W. Va. 134; *Rowan & Co.* v. *Hull,* 55 W. Va. 335.

We conclude that there is no error in the judgment of the circuit court, and the same is affirmed.

*Affirmed.*