STATE OF WEST VIRGINIA

*v.*

THEODORE MORRISON CARROLL

(No. 12468)

Submitted April 26, 1966.     Decided July 15, 1966.

*Horace England,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for defendant in error.

CAPLAN, PRESIDENT:

This is an appeal by Theodore Morrison Carroll from a judgment of the Circuit Court of Logan County whereby he was adjudged guilty of nonsupport of his wife and was ordered to pay the sum of one hundred dollars per month for her support and maintenance.

The defendant and Lena Marie Carroll were married in 1931, two children having been born of the marriage. No questions regarding the children are involved in this case, one having passed away and the other being emancipated.

The record indicates that this marriage was at best a stormy one, it being marred by constant quarrels resulting in frequent separations. According to the testimony of the wife, the last separation occurred when the defendant left her while they were residing in the State of Florida. She further testified that subsequent to the defendant's departure on that occasion she went to her brother's home in Tampa, Florida. Shortly thereafter she returned to Logan County where she continues to live in her father's home. Although there is evidence that Mrs. Carroll was gainfully employed in Logan, earning approximately $135.00 per month, she says that her father and her sister furnished her with the necessities of life without receiving any compensation in return therefor.

Having received no monetary assistance from her husband and obviously believing that her support was her husband's obligation rather than that of her father, Lena Marie Carroll, in May, 1964, obtained a warrant from Eli P. Gore, a justice of the peace of Logan County, charging the defendant with nonsupport. Defendant's Exhibit A, a transcript of an order entered on May 18, 1964 by Justice Gore, reveals that the defendant appeared, entered a plea of guilty and "agreed to pay $50.00 per month to his wife". No appearance by the wife is noted on that occasion.

On May 19, 1964, the defendant's wife obtained a second warrant charging the defendant with nonsupport. This warrant was obtained from J. C. Barber, also a justice of the peace of Logan County. In her complaint she charged that the defendant "did without just cause, unlawfully desert and wilfully neglect and refuse to provide for the support and maintenance of his wife * * * she * * * being then and there in destitute and necessitous circumstances".

On June 13, 1964, a hearing was held on the May 19 warrant and the defendant entered a plea of not guilty. Thereupon, Justice Barber, after hearing the evidence and argument of counsel, found the defendant guilty and required him to pay to his wife the sum of $100.00 per month for her support and maintenance.

The defendant appealed to the Circuit Court of Logan County where the case was heard *de novo* and wherein he entered a plea of not guilty. The case was tried before a jury and, after a full hearing, a verdict of guilty was returned. The court entered judgment on the verdict and ordered the defendant to pay $100.00 per month to his wife. This is an appeal from that judgment.

The defendant contends that the trial court erred in refusing to rule: (1) That Lena Marie Carroll was estopped from "asserting a second non-support charge"; (2) that defendant was twice placed in jeopardy for the same offense; (3) that the court did not have jurisdiction to try defendant on the May 19, 1964 warrant; and (4) that the verdict is contrary to the law and evidence.

Considering the first assignment of error, it is pertinent to note that this is a criminal prosecution, not a civil action by the wife. While the wife is the complaining witness, the state is the prosecuting party, the action being instituted in its name. Our research has revealed no case, nor has any been cited, wherein this Court has been confronted with the application of estoppel in a criminal case. In *Seymour* v. *Commonwealth,* 133 Va. 775, 112 S. E. 806, the Virginia Court, quoting with approval from *Justice* v. *Commonwealth,* 81 Va. 209, said: "But the doctrine of estoppel, strictly speaking, is not applicable to the commonwealth in a criminal prosecution. The nearest approach to it is the doctrine, founded on the maxim of the common law, that no one shall be twice put in jeopardy for the same offense. 'This doctrine', says Bigelow, 'has a close relation to the subject of estoppel by former judgment, and may be considered as the criminal law counterpart of the same doctrine. But the doctrine rests upon the technical notions of jeopardy, and not upon the principle of res judicata'."

The defendant here, in seeking to invoke the doctrine of estoppel, appears to rely on the principle of res judicata, which, as indicated above, is the civil counterpart of the principle of double jeopardy in criminal proceedings and which is unavailable here. The authorities cited by the

defendant in support of his theory of estoppel relate to civil matters wherein one party sought to estop the maintenance of a second action when the aim, scope and remedy were substantially the same in each, and have no application here. Therefore, the defendant's position in regard to estoppel is untenable.

By reason of being tried and convicted in Justice Gore's court on the charge of nonsupport, the defendant here contends that his conviction on the second warrant for the same offense constitutes double jeopardy. In his second trial, as revealed by the record, the defendant entered a plea of not guilty but did not plead former jeopardy. Neither did he plead former or double jeopardy in the *de novo* trial in the circuit court. Although it appears from the record that the defendant orally moved the trial court to dismiss the warrant by reason of the proceedings had before Justice Gore, nowhere does it show that a special plea of double jeopardy was ever filed.

The defense of double jeopardy may be waived and the failure to properly raise it in the trial court operates as a waiver. This is clearly demonstrated by the language contained in 22 C. J. S., Criminal Law, § 277, which reflects the majority view, and which reads as follows: "The immunity from second jeopardy granted by a constitution is for accused's benefit, and is a personal privilege, or constitutional right, which accused may waive; for this reason the defense of double jeopardy is not jurisdictional. Such a waiver by the accused may be express or implied, and may be implied by accused's conduct or may be implied by accused's action; in fact, generally it is implied. Whether a waiver has occurred depends on the circumstances of each case. So, the failure to raise the question, or to raise it properly, in the trial court operates as a waiver of the right, as does a failure to enter the plea * * *." See also *State* v. *Holland*, 149 W. Va. 731, 143 S. E. 2d 148; *Driver* v. *Seay*, 183 Va. 273, 32 S. E. 2d 87; 2 M. J., Autrefois, Acquit and Convict, § 22.

It has been held by this Court that if an accused relies on former jeopardy arising by reason of a trial on the same

indictment and in the same court, no special plea is necessary. But, if the former jeopardy is based upon a different: indictment in the same court or upon a warrant or indictment in another court, a special plea should be tendered. *State ex rel. Lovejoy* v *.Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, cert. denied 349 U. S. 940, 75 S. Ct. 786, 99 L. ed. 1268; *State* v. *Cross,* 44 W. Va. 315, 29 S. E. 527.

As heretofore noted, the defendant did not tender a special plea relating to former jeopardy. This Court is of the opinion, as is the majority of courts in other jurisdictions, that former jeopardy is not admissible as a defense under the general issue raised by a plea of not guilty; nor is it effective as a defense by motion to quash, demurrer, motion in arrest of judgment or by writ of error. Former jeopardy, as a defense, must be set up by a special plea. If not so pleaded, the defense of former jeopardy is waived, unless such former jeopardy is based upon a trial of the same indictment in the same court, as noted in the *Lovejoy* case, *supra.* Furthermore, as stated in 2 M. J., Autrefois, Acquit and Convict, § 28, "Where no plea of former jeopardy is filed and no question of former jeopardy is raised in the trial court, the question of former jeopardy cannot be considered on appeal." For the reasons stated, we conclude that the defense of double jeopardy is not properly before this Court.

In his third assignment of error the defendant questions the jurisdiction of the trial court, contending, as set out in his supplemental motion to set aside the jury verdict, that "More than one (1) year had elapsed after the commission of the offense charged in the warrant and the date on which the warrant was sued out against the defendant charging him with the non-support of his wife, Lena Marie Carroll." As pointed out in the opinion of the learned trial judge, this objection is not well taken "because the warrant shows on its face that it was sworn out May 19, 1964, and the date alleged therein for desertion and failure to provide for the support and maintenance of his wife was given as December 18, 1963." Obviously this charge was brought well within the twelve months period as provided by statute regarding misdemeanors.

A further attack on the jurisdiction of the trial court is the assertion that such charge could not be maintained against the defendant because on December 18, 1963, he was in the State of Florida. This assertion, too, is without merit. Code, 1931, 48-8-6, provides: "An offense under this article [desertion or nonsupport] shall be held to have been committed in any county in which such * * * wife * * * may be at the time such desertion, refusal, neglect or failure to provide, or any part thereof, took place, or where the offender may be at the time such complaint is made * * *." Clearly, if such offense occurred in this case, it was committed in Logan County where the wife resided and the fact that the defendant husband was in Florida does not defeat the jurisdiction of the courts of that county. The last mentioned statute also provides that the county make funds available for the extradition of the offender in such case, thereby reflecting legislative recognition of the gravity of such offense. Therefore, the fact that the defendant was outside the state when he was alleged to have committed this offense is of no moment. He nonetheless committed a crime in this state and was amenable to prosecution here. See *State* v. *Kessinger,* 144 W. Va. 209, 107 S. E. 2d 367; 2 Wharton's Criminal Law and Procedure, § 795. In view of the foregoing, we hold that the Circuit Court of Logan County properly exercised jurisdiction in this case.

Finally, the defendant contends that the verdict was contrary to the law and the evidence. He urges that his wife was not in destitute and necessitous circumstances, which condition must exist to make him criminally liable under the statute. Code, 1931, 48-8-1, as amended, provides: "Any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife, in destitute and necessitous circumstances * * * shall be guilty of a misdemeanor * * *." This statute creates a criminal offense, making it mandatory that the state bear the burden of proving guilt beyond a reasonable doubt. *State* v. *Rector,* 130 W. Va. 316, 43 S. E. 2d 821. Consequently, the state must prove, beyond a reasonable doubt, that the wife was in "destitute and necessitous cir-

cumstances" before the defendant can be found guilty under the above statute.

The defendant takes the position that the evidence clearly shows that his wife was gainfully employed; that she received free room and board from her father; that she had more than sufficient clothing; that she had purchased expensive gifts for her son and grandchildren; and that the aforesaid conditions existed during the period she claims to have been in destitute and necessitous circumstances. Therefore, he asserts, his wife was never in destitute and necessitous circumstances and he could not be found guilty of a crime under Code, 1931, 48-8-1, as amended.

Lena Marie Carroll, on the other hand, claims that she was indeed in destitute and necessitous circumstances. She testified that her husband had failed to furnish her with the necessities of life, making it essential that she depend therefor upon her father and other members of her family. Concerning her employment, which she admits, she stated that her doctor had advised her that, because of her poor physical condition, she should not continue to work. She further testified that by reason of her poor health, described as a duodenal ulcer, extreme high blood pressure and a heart condition, she is under the care of a doctor, and that her medical expenses amount to fifty dollars per month. Furthermore, she says, her needs for food and lodging would require a minimum of one hundred dollars per month. Upon being asked what amount she would need to properly support herself, she replied, "I would say $250.00 a month, that would be close living."

Whether one is in destitute and necessitous circumstances is a question of fact for the jury to determine from the evidence. *State v. Constable*, 90 W. Va. 515, 112 S. E. 410. It is not necessary to prove that the wife is in a state of utter poverty, nor does it necessarily relieve the defendant husband of guilt of this offense by a showing that the wife's necessaries were supplied by her own labors or through the generosity of relatives, friends or strangers. 2 Wharton's Criminal Law and procedure, §795. " 'The jury are ex-

clusively and almost uncontrollably the judges of the weight of the testimony or inferences from it.' Pt. 3, syllabus, *Young* v. *Insurance Co.*, 114 W. Va. 716." Point 6, syllabus, *State* v. *Kessinger*, 144 W. Va. 209, 107 S. E. 2d 367.

We are of the opinion that the question of whether the wife was in destitute and necessitous circumstances was properly presented to the jury. A jury verdict, supported by evidence and approved by the trial court, is entitled to great weight and will not be disturbed on appeal unless it is plainly wrong. *Miners' & Merchants' Bank* v. *Gidley*, 150 W. Va. 229, 144 S. E. 2d 711; *Levine* v. *Headlee*, 148 W. Va. 323, 134 S. E. 2d 892; *State* v. *Carduff*, 142 W. Va. 18, 93 S. E. 2d 502; *State* v. *Hunter*, 37 W. Va. 744, 17 S. E. 307. In view of the evidence in this case the jury verdict must stand.

The judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*