# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0990** (Harrison County 15-F-193)

**Larry M. DeFrietas,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Larry M. DeFrietas, by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's October 11, 2016, order sentencing him to a term of incarceration of fourteen years for his convictions of fleeing in a vehicle with reckless disregard; possession of a firearm by a prohibited person; and misdemeanor possession of heroin, methamphetamine, and marijuana. The State, by counsel Elizabeth Grant, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress and that his convictions on multiple counts violate the double jeopardy prohibition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the Chief Deputy of the Harrison County Sheriff's Department ("the deputy") observed a blue Jeep pulled over at a wide area along the road and a male wearing camouflage standing outside the vehicle. The deputy testified that he initially drove past the vehicle but continued to watch the section of road because he knows the area as one where people commonly dump trash and poach wild game. The deputy turned his vehicle around and pulled in behind the blue Jeep. As the deputy exited his vehicle, petitioner walked toward the deputy and the two had a brief conversation. Petitioner told the deputy that he stopped to let his two dogs use the restroom. The deputy asked to see petitioner's identification and he returned with two pieces of identification. The deputy testified that the picture of the male on the identification did not appear to be petitioner and petitioner later admitted that he gave the deputy a fake identification. As the deputy returned to his vehicle to check the identification, petitioner got into the blue Jeep and drove through the field, through the ditches out onto the main road toward United States Route 19 ("Rt. 19") in Harrison County, West Virginia. The deputy initiated pursuit and activated his police cruiser lights and sirens. Petitioner sped through the intersection of RT. 19 and Sycamore Road in Harrison County. The deputy later testified that petitioner attempted to elude law enforcement by speeding, driving erratically, forcing other

1

vehicles off the road, and failing to stop at intersections. Finally, petitioner's vehicle came to a complete stop when it became stuck in the mud near a gas well road. A second deputy from the Harrison County Sheriff's Department arrived on scene and petitioner admitted to the deputies that he had drugs on his person, and there were additional drugs and a firearm in his vehicle. The sheriff's department executed a warrant search of petitioner's vehicle and recovered twelve grams of heroin, fifty-three grams of methamphetamine, and twelve grams of marijuana.

In September of 2015, petitioner was indicted on five felony counts: (1) fleeing in a vehicle with reckless disregard, in violation of West Virginia Code § 61-5-17(f); (2) possession of a firearm by a prohibited person, in violation of West Virginia Code § 61-7-7(b); (3) possession with intent to deliver heroin, in violation of West Virginia Code § 60A-4-401(a); (4) possession with intent to deliver methamphetamine, in violation of West Virginia Code § 60A-4-401(a); (5) possession with intent to deliver marijuana, in violation of West Virginia Code § 60A-4-401(a).

In March of 2016, petitioner filed a motion to suppress the drugs found in his vehicle, on the grounds that the initial stop by the deputy was invalid. According to petitioner, the deputy lacked probable cause to initiate the initial traffic stop. The circuit court denied petitioner's motion. Petitioner's three-day trial commenced in March of 2016. The jury convicted petitioner of (1) fleeing in a vehicle with reckless disregard, (2) possession of a firearm by a prohibited person, (3) misdemeanor possession of heroin, (4) misdemeanor possession of methamphetamine, and (5) misdemeanor possession marijuana.

In September of 2016, the circuit court sentenced petitioner to a term of incarceration of one to five years for the conviction of fleeing in a vehicle with reckless disregard and to three years for the conviction of possession of a firearm by a prohibited person. The circuit court ordered that these sentences run consecutively. Petitioner was also sentenced to a term of incarceration of six months for each of the misdemeanor possession offenses, two of which were ordered to run consecutively to his previous sentence, and one to run concurrently to his previous sentence. The State filed a recidivist petition against petitioner and the jury found petitioner to be a recidivist. Accordingly, the circuit court further ordered him to serve an additional five-year term of incarceration to run consecutively to his previous sentences. It is from the sentencing order that petitioner appeals.

We have held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Further, we have explained as follows:

1. "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

2. "In contrast to a review of the circuit court's factual findings, the ultimate determination as to whether a search or seizure was reasonable under the Fourth Amendment to the United States Constitution and Section 6 of Article III of the West Virginia Constitution is a question of law that is reviewed *de novo*. Similarly, an appellate court reviews *de novo* whether a search warrant was too broad. Thus, a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." Syllabus point 2, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pts. 1 and 2, *State v. Bookheimer*, 221 W.Va. 720, 656 S.E.2d 471 (2007).

On appeal, petitioner argues that the circuit court erred in denying his motion to suppress evidence the drugs found in his vehicle, because the evidence was seized from an illegal traffic stop. As to traffic stops, we have held that "[p]olice officers may stop a vehicle to investigate if they have an articulable[,] reasonable suspicion that the vehicle is subject to seizure or a person in the vehicle has committed, is committing, or is about to commit a crime." Syl. Pt. 1, in part, *State v. Stuart*, 192 W.Va. 428, 452 S.E.2d 886 (1994). Further, we have previously explained that "[f]actors such as erratic or evasive driving . . . are significant in determining reasonable suspicion." *Id.* at 192 W.Va. at 433, n. 10, 452 S.E.2d at 891. n. 10. We have also held that

[n]ot all contact between a police officer and a citizen rises to the level wherein constitutional protections are implicated. A "consensual" encounter may occur where a citizen agrees to speak to law enforcement personnel. Such a contact may be initiated by law enforcement without the need of any objective articulable level of suspicion and does not, without more, amount to a "seizure" raising constitutional protections.

*Ullom v. Miller*, 227 W.Va. 1,8, 705 S.E.2d 111, 118 (2010); *see* Syl. Pt. 1, *State v. Mays,* 172 W.Va. 486, 307 S.E.2d 655 (1983) ("It is not an unreasonable seizure for police to approach an individual in a public place, ask him if he is willing to answer questions and put questions to him if he is willing to listen."); *United States v. Cooper,* 43 F.3d 140, 145, (5th Cir.1995) ("'[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that . . . individual's identification . . . .'" (quoting *Florida v. Bostick,* 501 U.S. 429, 435 (1991))).

On appeal, petitioner argues that the stop was illegal because the deputy lacked a reasonable articulable suspicion to initiate the traffic stop. However, this argument simply ignores the evidence below. It is clear from the record below that the deputy did not initially make a traffic stop of petitioner's vehicle, given that the vehicle in question was already stopped along the side of the road. During the suppression hearing, the deputy testified the he observed a vehicle pulled over at a wide area along the road and the camouflage-clad petitioner standing outside the vehicle. The deputy also testified that he drove back to where petitioner's vehicle was parked and he had a brief conversation with petitioner and the deputy asked to see petitioner's identification. Petitioner then voluntarily retrieved a fake identification, presented the deputy with the same, and fled the scene. The deputy then pursued petitioner as he sped through intersections, drove erratically, and forced other vehicles off the road. Petitioner's actions gave the deputy a reasonable, articulable suspicion that petitioner committed or was about to commit a crime. Accordingly, because we find that the deputy in question had a reasonable articulable suspicion to initiate a traffic stop, we find no error in the circuit court's denial of petitioner's motion to suppress.

Petitioner next argues that his convictions on three separate counts of possession of a controlled substance violate the constitutional provision against double jeopardy. There was no indication in or on the record that petitioner did not receive a copy of the indictment or that he objected to the three separate counts of possession of a controlled substance below. "Generally the failure to object constitutes a waiver of the right to raise the matter on appeal." *State v. Asbury*, 187 W.Va. 87, 91, 415 S.E.2d 891, 895 (1992). Further, we have held that

> [t]he defense of double jeopardy may be waived and the failure to properly raise it in the trial court operates as a waiver . . . [s]o, the failure to raise the question, or to raise it properly, in the trial court operates as a waiver of the right, as does a failure to enter the plea.

*State v. Carroll*, 150 W.Va. 765, 769, 149 S.E.2d 309, 312 (1966). Accordingly, we find no error below.

For the foregoing reasons, we hereby affirm the circuit court's October 11, 2016.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker