IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

———————

No. 14-1255

———————

FILED

**June 8, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

PATRICK MIRANDY, Warden, St. Mary's Correctional Center,
Respondent Below, Petitioner

v.

GREGG D. SMITH,
Petitioner Below, Respondent

_____

Appeal from the Circuit Court of Ritchie County
The Honorable Larry V. Starcher, Senior Status Judge
Criminal Action No. 11-P-19

REVERSED AND REMANDED

_____

Submitted: January 12, 2016
Filed: June 8, 2016

Patrick Morrisey, Esq.
Attorney General
Derek A. Knopp, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

Matthew T. Yanni, Esq.
Yanni Law Firm
Martinsburg, West Virginia
Counsel for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

2.      "The purpose of the Double Jeopardy Clause is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Syl. pt. 3, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996).

3.      "The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." Syl. pt. 1, *Conner v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977).

4.      "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two

i

offenses or only one is whether each provision requires proof of an additional fact which the other does not." Syl. pt. 8, *State v. Zaccagnini*, 172 W. Va. 491, 308 S.E.2d 131 (1983).

5.     "In ascertaining legislative intent, a court should look initially at the language of the involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses." Syl. pt. 8, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992).

6.     "The test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is a rule of statutory construction. The rule is not controlling where there is a clear indication of contrary legislative intent." Syl. pt. 5, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992).

Benjamin, Justice:

In a December 19, 2014, order, the Circuit Court of Ritchie County dismissed respondent Gregg D. Smith's conviction for malicious assault involving a firearm, determining that his convictions for both malicious assault involving a firearm and wanton endangerment involving a firearm offended double jeopardy principles. The petitioner Patrick Mirandy, Warden of St. Mary's Correctional Center ("the State")[1] appeals, arguing that Gregg Smith's convictions for both crimes are constitutional. Upon our review, we conclude that double jeopardy principles have not been violated. Accordingly, we reverse the circuit court's order and remand this case for further proceedings consistent with this Opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Gregg Smith's convictions arose from his involvement in a physical altercation with Thomas Smith on September 7, 2007. During the fight, Gregg Smith attacked Thomas Smith with a hammer, and then following a struggle over a loaded

---

[1] To the extent that Petitioner Mirandy, in his capacity as the warden of St. Mary's Correctional Center, is represented by the Attorney General's office, we will hereinafter refer to Petitioner as "the State."

1

shotgun, Gregg Smith discharged the shotgun into Thomas Smith's leg. T.L.P.C.,[2] Thomas Smith's minor son, was present during the altercation.

Gregg Smith was subsequently indicted on one count of malicious assault of Thomas Smith involving a hammer, one count of malicious assault of Thomas Smith involving a firearm, one count of wanton endangerment of T.L.P.C. involving a firearm, and one count of attempted murder of Thomas Smith. *See* W. Va. Code § 61-2-9(a) (2004) (malicious assault); W. Va. Code § 61-7-12 (1994) (wanton endangerment involving a firearm); W. Va. Code § 61-11-8 (attempt); W. Va. Code § 61-2-1 (1991) (2002) (murder). On September 5, 2008, Gregg Smith was convicted by a jury on all four counts. He was sentenced to a term of imprisonment of two to ten years for each of his malicious assault convictions, a definite term of five years for his conviction of wanton endangerment involving a firearm, and three to fifteen years for his conviction of attempted first degree murder.

After failing to obtain relief in his direct appeal to this Court, Gregg Smith filed a petition for writ of habeas corpus in the Circuit Court of Ritchie County on November 28, 2011. In his petition, filed on his behalf by appointed counsel, he claimed

---

[2] Because Thomas Smith's son was a minor at the time of the events at issue in this appeal, pursuant to Rule 40(e) of the Rules of Appellate Procedure, we will refer to him by using his initials.

2

he was entitled to relief on four grounds, one of which alleged a violation of his due process rights, and three of which alleged he received ineffective assistance of counsel. A multi-day evidentiary hearing was held, after which Gregg Smith filed a memorandum of law in support of his habeas petition. In addition to addressing the four grounds raised in the petition, the memorandum of law also alleged that Gregg Smith's conviction and sentence for both the malicious assault of Thomas Smith using a firearm and the wanton endangerment of T.L.P.C. involving a firearm placed Gregg Smith in double jeopardy. Prior to filing the memorandum of law, Gregg Smith did not mention the double jeopardy issue in any habeas filings. Similarly, the double jeopardy issue was not raised by his trial counsel, nor his sentencing and appellate counsel.

On November 7, 2013, the circuit court entered an order rejecting Gregg Smith's claims that he was denied due process of law or effective assistance of counsel; however, the circuit court granted his requested relief in habeas corpus on the ground that his double jeopardy rights had been violated. The court reasoned that

> because all evidence before this [c]ourt is that the firing of the shotgun that injured Thomas F. Smith was a single volitive act and because the State of West Virginia has not borne its burden to show otherwise, this Court finds that convicting [Gregg Smith] of Malicious Assault and Wanton Endangerment Involving a Firearm is a violation of [his] constitutional rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and under the Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution.

(emphasis omitted). Essentially, the circuit court concluded that the conviction of wanton endangerment involving a firearm was a lesser included offense of the malicious assault using a firearm conviction. To cure the perceived double jeopardy violation, the court permitted Gregg Smith to choose one of the two offending convictions and its corresponding sentence to be dismissed. He chose to have his conviction and sentence for malicious assault with a firearm dismissed.

The State filed an objection to the circuit court's order granting habeas corpus relief, asserting that Gregg Smith had never raised the double jeopardy argument at any point before the evidentiary hearing. The State requested that the court reconsider its order and hold it in abeyance to allow the State to present evidence with regard to Respondent's argument on double jeopardy. The court held another hearing to address the State's objections. Exactly one year after it entered an order granting Gregg Smith relief in habeas corpus, the circuit court entered a final order on November 7, 2013, reaffirming its grant of habeas corpus relief. On December 19, 2014, the circuit court entered an order dismissing his conviction and sentence for malicious assault involving a firearm. The State now appeals the December 19, 2014, order.

## II. STANDARD OF REVIEW

In this appeal, we are asked to determine whether Gregg Smith's conviction and sentence for both the malicious assault of Thomas Smith using a firearm and the

4

wanton endangerment of T.L.P.C. involving a firearm offend double jeopardy principles. Our review of double jeopardy claims is de novo. Syl. pt. 1, *State v. McGilton*, 229 W. Va. 554, 557, 729 S.E.2d 876, 879 (2012) ("'[A] double jeopardy claim [is] reviewed de novo.' Syllabus Point 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996)." (alterations in original)). Specifically regarding the review of habeas corpus actions, we have held:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

## III. ANALYSIS

In its sole assignment of error, the State argues that the circuit court erred in determining that the double jeopardy clauses in our state and federal constitutions prohibit Gregg Smith's convictions and sentences for malicious assault of Thomas Smith using a firearm and wanton endangerment of T.L.P.C. involving a firearm. The State contends that because each crime contained an element of proof the other did not—a different victim—the convictions and sentences for those crimes pass constitutional muster under well-settled state and federal law. Gregg Smith disagrees, arguing that

5

wanton endangerment involving a firearm is a lesser included offense of malicious assault when predicated on a single act, such as the single gunshot in this case.

The Legislature has "substantive power to define crimes and prescribe punishments." Syl. pt. 3, in part, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996). This power, though, has its limits; the double jeopardy clauses in both the state and federal constitutions[3] "provide[] immunity from further prosecution where a court having jurisdiction has acquitted the accused[,] . . . protect[] against a second prosecution for the same offense after conviction[, and] . . . prohibit[] multiple punishments for the same offense." Syl. pt. 1, *Conner v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977); *accord* syl. pt. 5, *State v. Johnson*, 197 W. Va. 575, 476 S.E.2d 522 (1996); syl. pt. 7, *State v. Broughton*, 196 W. Va. 281, 470 S.E.2d 413 (1996); syl. pt. 2, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). In this case, we are asked to determine whether Gregg Smith has received multiple punishments for the same offense in violation of double jeopardy principles.

We have observed that

---

[3] Article III, § 5 of the West Virginia Constitution provides, "No person shall . . . be twice put in jeopardy of life or liberty for the same offence." Similarly, Amendment V to the United States Constitution provides, "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."

> [t]he double jeopardy prohibition against multiple punishments is usually encountered in two types of cases. The first is where the defendant is charged with committing both a lesser included offense and the greater offense. . . . The second type of case involves instances where there has been an ongoing criminal scheme such as embezzlement and there is a question of whether such activity constitutes one crime or several separate crimes.[4]

*State v. Myers*, 171 W. Va. 277, 280, 298 S.E.2d 813, 816 (1982) (footnote added). The case at bar fits squarely within the first type, because it involves one act constituting a violation of *two separate statutes*, one of which the circuit court determined constituted a lesser included offense set forth in the other. The case does not fall within the second type, which deals with cases in which a defendant is prosecuted for multiple offenses of the *same statute* related to an ongoing criminal scheme.

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or

---

[4] The Court recently addressed the second type of case in *State ex rel. Lorenzetti v. Sanders*, 235 W. Va. 353, 774 S.E.2d 19 (2015). In *Lorenzetti*, the defendant was indicted on fifty-three counts of allegedly used a state-issued purchasing card to make fraudulent and unauthorized purchases in violation of one specific statute governing purchasing cards, W. Va. Code § 12-3-10b (1996). 235 W. Va. at 356, 774 S.E.2d at 22. The lower court determined that the misuse of the purchasing card constituted a continuing offense, not fifty-three separate offenses, and to avoid running afoul of the double jeopardy clauses, the court collapsed all fifty-three counts into one count. *Id.* at 357, 774 S.E.2d at 23. The State filed a writ of prohibition with this Court to prohibit enforcement of the lower court's decision. *Id.* This Court granted the requested relief, concluding that the unit of prosecution set forth in the controlling statute was each purchase made with the purchasing card, not the continued use of the card. *Id.* at 363–64, 774 S.E.2d at 30.

only one is whether each provision requires proof of an additional fact which the other does not." Syl. pt. 8, *State v. Zaccagnini*, 172 W. Va. 491, 308 S.E.2d 131 (1983); *accord Blockburger v. United States*, 284 U.S. 299, 304 (1932). This test, the *Blockburger* test, is "traditionally regarded as 'a rule of statutory construction . . . [based on] . . . [t]he assumption underlying the rule . . . that [the Legislature] ordinarily does not intend to punish the same offense under two different statutes.'" *Gill*, 187 W. Va. at 142, 416 S.E.2d at 259 (quoting *Whalen v. United States*, 445 U.S. 684, 691–92 (1980)); *accord Sears*, 196 W. Va. at 82, 468 S.E.2d at 335. "If there is an element of proof that is different, then the presumption is that the [L]egislature intended to create separate offenses." Syl. pt. 8, in part, *Gill*, 187 W. Va. 136, 416 S.E.2d 253. However, where "the [L]egislature has made a clear expression of its intention to aggregate sentences for related crimes," courts should comply with the expressed legislative intent instead of evaluating the crimes using the *Blockburger* test. Syl. pt. 8, in part, *id.* "The [*Blockburger* test] is a rule of statutory construction. The rule is not controlling where there is a clear indication of contrary legislative intent." Syl. pt. 5, *id.*

W. Va. Code § 61-2-9(a), sets forth the crime of malicious assault, providing that "[i]f any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony." W. Va. Code § 61-7-12 sets forth the crime of wanton endangerment involving a firearm, providing, in part, that

8

"[a]ny person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another shall be guilty of a felony." The circuit court determined that under the facts of this case, wanton endangerment of T.L.P.C. involving a firearm is a lesser included offense of the malicious assault of Thomas Smith.

This Court used the *Blockburger* test to evaluate the malicious assault statute and the wanton endangerment involving a firearm statute in *State v. Wright*, 200 W. Va. 549, 490 S.E.2d 636 (1997). In *Wright*, the defendant shot and wounded an acquaintance. 200 W. Va. at 551, 490 S.E.2d at 638. For his action against the acquaintance, the defendant was ultimately convicted of one count malicious assault and one count of wanton endangerment, and he was sentenced for each crime. *Id.* On appeal, the defendant argued that his conviction and sentence for both crimes placed him in double jeopardy. *Id.* at 552, 490 S.E.2d at 639. He alleged that "his convictions for wanton endangerment [involving a firearm] and malicious assault [were] predicated upon a single gunshot, which [made] wanton endangerment a lesser-included offense of malicious assault." *Id.* (footnotes omitted).

Upon reviewing the language of the two Code sections at issue, this Court found "no 'clear expression of [a legislative] . . . intention to aggregate sentences' in these matters. *Id.* (quoting syl. pt. 8, in part, *Gill*, 187 W. Va. 136, 416 S.E.2d 253). This

9

Court proceeded to apply the *Blockburger* test, first setting forth the elements of the crimes as follows:

> [I]n this case, both convictions are predicated on a single act involving a single gunshot. In this case, the elements of wanton endangerment include: (1) the defendant (2) did wantonly perform (3) with a firearm (4) an act (5) creating substantial risk of (6) death or serious bodily injury *to another*. And in this case, the elements of malicious assault include: (1) the defendant (2) maliciously (3) shot with a firearm [statute says "shoot, stab, cut or wound"] (4) causing bodily harm *to the victim* (5) with intent to maim, disfigure, disable or kill.

*Id.* at 553, 490 S.E.2d at 640 (emphasis added) (citation omitted). The court noted that

> [t]he test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without first having committed the lesser offense. An offense is not a lesser included offense if it requires the inclusion of an element not required in the greater offense.

*Id.* (quoting syl. pt. 1, *State v. Neider*, 170 W. Va. 662, 295 S.E.2d 902 (1982)). In *Wright*, we concluded that "[g]iven the circumstances of this case, we find that wanton endangerment is a lesser included offense because it would have been impossible for Mr. Wright [the defendant] to have committed malicious assault without first having committed wanton endangerment." *Id.* at 554, 490 S.E.2d at 641. Because his conviction and punishment for both crimes violated double jeopardy principles, this Court directed the circuit court to resentence Mr. Wright on remand. *Id.*

10

Although this Court determined in *Wright* that the defendant's conviction and sentence for both crimes placed him in double jeopardy, the Court recognized that "convictions of both wanton endangerment and malicious assault do not always constitute double jeopardy." *Id.* at 553, 490 S.E.2d at 640. The present matter is one such instance.

We begin our analysis of the State's assigned error by observing, as we did in *Wright*, that there is no clear legislative intent that the sentences for the crimes of malicious assault and wanton endangerment involving a firearm be aggregated. Accordingly, we must apply the *Blockburger* test. Upon examining the elements of each crime—malicious assault and wanton endangerment involving a firearm—we find that each includes the victim as an element. While the *Wright* defendant's crimes involved the *same victim*, the crimes at issue in the case at bar involve *two different victims*. Gregg Smith's conviction for malicious assault involving a firearm required proof that the victim was Thomas Smith, whereas his conviction for wanton endangerment involving a firearm required proof that the victim was T.L.P.C. Application of the *Blockburger* test shows that because Gregg Smith committed these crimes against two different victims, each crime required proof of a fact the other did not. *See* syl. pt. 8, *Zaccagnini*, 172 W. Va. 491, 308 S.E.2d 131 (quoted *supra*). Therefore, his conviction and sentence for both crimes do not violate double jeopardy principles.

11

Below, the circuit court relied on *State ex rel. Watson v. Ferguson*, 166 W. Va. 337, 274 S.E.2d 440 (1980), to conclude that because one act gave rise to the crimes—a single shotgun blast—double jeopardy prohibited multiple punishments premised on that one act. In *Watson*, the defendant killed four victims on a summer morning in 1979 by beating them repeatedly with a tire lug wrench. 166 W. Va. at 339, 352, 274 S.E.2d at 441, 448. He was indicted on four counts of first degree murder. *Id.* at 339, 274 S.E.2d at 441. The Court explored whether the four offenses were "so similar that they constitute[d] the 'same offense' such that under double jeopardy principles . . . multiple . . . punishments [were] prohibited." *Id.* at 346, 274 S.E.2d at 445. The Court's analysis focused on whether the acts were all part of "a single volitive act" arising from the same transaction. *Id.* at 352, 274 S.E.2d at 448. Relying on prior case law, the Court said that "we have not confined our double jeopardy test to the same evidence but have broadened it to include a transactional test at least to the extent . . . that if two persons are killed by the single volitive act of another, such homicides would be treated as a single transaction for jeopardy purposes." *Id.* at 353, 274 S.E.2d at 448. Under the transactional test referred to in *Watson*, "offenses are the same if they grow out of a single criminal act, occurrence, episode or transaction." Syl. pt. 1, *State ex rel. Dowdy v. Robinson*, 163 W. Va. 154, 257 S.E.2d 167 (1979).

The *Watson* Court concluded that the four charges for first degree murder did not violate double jeopardy principles, holding that "where multiple homicides occur

12

even though they are in close proximity in time, *if they are not the result of a single volitive act* of the defendant, they may be tried and punished separately under the double jeopardy clause of Article III, Section 5 of the West Virginia Constitution." *Id.* at 352–53, 274 S.E.2d at 448 (emphasis added). The circuit court, relying on this language, decided in its November 7, 2013, order that "because all evidence before this Court is that the firing of the shotgun that injured Thomas F. Smith was a single volitive act," Gregg Smith's conviction and sentence for both malicious assault and wanton endangerment involving a firearm placed him in double jeopardy.

First, we observe that *Watson* dealt with an entirely different double jeopardy question than the one presented in this case. The case at bar involves a single act giving rise to a violation of *two separate statutory provisions*, requiring us to determine, using the *Blockburger* test, whether one provision sets forth a crime that is a lesser included offense of the other provision. *Watson*, on the other hand, involved multiple violations of the *same statute*, and the issue was whether under that statute multiple punishments could be imposed. In cases like *Watson*, which involve multiple violations of the same statute, the Court has said that "it is doubtful that the *Blockburger* test can be appropriately utilized to ascertain legislative intent where a single statute is in issue and the question is whether or not under that statute multiple punishments can be meted out for one criminal act." *State v. Collins*, 174 W. Va. 767, 771, 329 S.E.2d 839, 843 (1984).

Second, the Court has explicitly declared that the "same transaction" test, upon which *Watson* based its "single volitive act" language, may not be used to decide whether prosecution and punishment imposed under two distinct statutory provisions violates double jeopardy principles. *State v. Johnson*, 197 W. Va. 575, 585, 476 S.E.2d 552, 562 (1996) ("[W]e now state that our current caselaw is that *Blockburger* is the only test to be used when determining whether multiple prosecutions have violated the double jeopardy constitutional provisions in the state and federal constitutions."), *superseded by rule on other grounds as recognized in State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013).[5]

Thus, the circuit court's reliance on *Watson* to conclude that Gregg Smith's single shotgun blast into Thomas Smith's leg could constitute only one crime was in error.[6] As we established, *supra*, under the appropriate test—the *Blockburger* test—Gregg Smith's convictions and sentences do not violate due process principles.

## IV.  CONCLUSION

---

[5] A strictly procedural version of the "same transaction" test, addressing joinder of offenses, has been integrated into Rule 8(a) of the West Virginia *Rules of Criminal Procedure*.

[6] In addition to *Watson*, the circuit court relied upon *State v. Collins*, 174 W. Va. 767, 329 S.E.2d 839 (1984), in granting the petitioner's requested relief in habeas corpus. Because the double jeopardy issue in *Collins* involved multiple violations of one statutory provision, like *Watson*, it is not instructive in our analysis of the present case.

Upon our de novo review, we conclude that the circuit court erroneously determined that Gregg Smith's double jeopardy rights had been violated. By granting his requested relief in habeas corpus on this ground, the circuit court abused its discretion. Accordingly, we reverse the circuit court's December 19, 2014, order dismissing Gregg Smith's conviction for malicious assault and remand this case for further proceedings consistent with this Opinion.

Reversed and remanded.