No. 22-858, *State of West Virginia v. Anthony M.*

**FILED**

**March 25, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Armstead, Justice, concurring, in part, and dissenting, in part:

I dissent from the majority's conclusion that Petitioner Anthony M.'s double jeopardy rights[1] were violated based on his convictions for malicious assault and wanton endangerment with a firearm. A jury found him guilty of both offenses after being properly instructed on the elements of each crime. Petitioner did not object to these jury instructions, nor did he raise any pretrial objections to these two counts. Instead, Petitioner only asserted his double jeopardy argument in a post-trial motion. Because the jury was properly instructed on these offenses and because the evidence presented during the trial overwhelmingly established that Petitioner committed both of these offenses, I disagree with the majority's conclusion that there was a double jeopardy violation.

The double jeopardy clauses in our state and federal constitutions provide (1) immunity from further prosecution where a court having jurisdiction has acquitted the accused; (2) protection against a second prosecution for the same offense after conviction; and (3) prohibition against multiple punishments for the same offense. *See* Syl. Pts. 1 and 2, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). These double jeopardy protections do not "preclude a State from imposing separate punishments for each separate and distinct crime that arises from a single factual occurrence." *Flack v. Ballard*, 239 W. Va. 566, 584,

---

[1] "The Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States is applied to the states by the Fourteenth Amendment. The Fifth Amendment as well as Article III, § 5 of the West Virginia Constitution protect criminal defendants from receiving multiple punishments for the same offense." *State v. McGilton*, 229 W. Va. 554, 560 n.8, 729 S.E.2d 876, 882 n.8 (2012) (internal citation omitted).

1

803 S.E.2d 536, 554 (2017). *See also* Syl. Pt. 5, in part, *State v. Pancake*, 170 W. Va. 690, 296 S.E.2d 37 (1982) ("Although under double jeopardy principles the proper procedure is a trial of all offenses arising out of the same 'criminal transaction' jointly, *separate punishments may be imposed for separate offenses arising out of a single criminal transaction*.") (Emphasis added).

In this case, Petitioner argues that he received separate punishments for the same act, firing a single gunshot that struck Brittany S. "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Syl. Pt. 8, *State v. Zaccagnini*, 172 W. Va. 491, 308 S.E.2d 131 (1983). Here, the two offenses are malicious assault and wanton endangerment with a firearm.

This Court has previously addressed whether convictions for these two offenses based on a single act runs afoul of our double jeopardy protections. In *State v. Wright*, 200 W. Va. 549, 490 S.E.2d 636 (1997), the defendant argued that his double jeopardy rights were violated by his convictions for wanton endangerment with a firearm and malicious assault because both convictions were based on one act involving the use of a firearm with only one victim. *Id.* The Court concluded that "[g]iven the circumstances of this case, we find that wanton endangerment is a lesser included offense because it would have been impossible for [the defendant] to have committed malicious assault without first having committed wanton endangerment." *Id.* at 554, 490 S.E.2d at 641. Notably, there

2

was only one victim in *Wright*. The Court emphasized that its holding was confined to the specific facts of that case and that "convictions of both wanton endangerment and malicious assault do not always constitute double jeopardy." *Id.* at 553, 490 S.E.2d at 640.

The factual circumstances of the present case are analogous to *Mirandy v. Smith*, 237 W. Va. 363, 787 S.E.2d 634 (2016), in which this Court rejected a double jeopardy argument arising from a defendant's convictions for malicious assault and wanton endangerment involving a firearm. The Court in *Mirandy* explained:

> Upon examining the elements of each crime—malicious assault and wanton endangerment involving a firearm—we find that each includes the victim as an element. While the *Wright* defendant's crimes involved the *same victim*, the crimes at issue in the case at bar involve *two different victims*. Gregg Smith's conviction for malicious assault involving a firearm required proof that the victim was Thomas Smith, whereas his conviction for wanton endangerment involving a firearm required proof that the victim was T.L.P.C. Application of the *Blockburger* test shows that because Gregg Smith committed these crimes against two different victims, each crime required proof of a fact the other did not. . . . Therefore, his conviction and sentence for both crimes do not violate double jeopardy principles.

*Id.* at 368-69, 787 S.E.2d at 639-40 (emphasis in original).

Based on our ruling in *Mirandy*, there is no double jeopardy violation when a defendant is convicted of malicious assault and wanton endangerment involving a firearm where there is more than one victim. In the present case, the evidence overwhelmingly established that both Brittany S. and infant K.M. could have been harmed when Petitioner fired the gunshot. In its oral ruling denying Petitioner's post-trial motion raising his double jeopardy argument, the circuit court summarized this evidence as follows:

3

> I do think that a reasonable jury could draw the conclusion that the child was the victim of the wanton endangerment from the evidence that was given. I know that the bullet struck [Brittany S.]. As [counsel] notes, it did ricochet inside the vehicle. Could have easily hit the child. I think any reasonable person would know that and any reasonable jury would know that. And that the inference . . . from that conviction is that they [the jury] viewed it that way. That it was in fact a wanton endangerment and the child was the target of that wanton endangerment.

Despite this clear evidence supporting the jury's finding that Petitioner was guilty of both of these offenses, the majority declined to apply our ruling in *Mirandy* after concluding that the State failed to sufficiently indicate that K.M. was the victim of the wanton endangerment with a firearm offense. The majority notes that "[i]t is undisputed that the indictment in this case did not name K.M. as the intended victim for the wanton endangerment charge. And we are not convinced by our review of the record as a whole that the charged conduct related to any danger Anthony M. placed K.M. in when he shot Brittany S." I disagree with this analysis for two reasons. First, Petitioner waived his double jeopardy argument by failing to raise it until after he had been convicted. Second, the majority does not afford proper deference to the jury's factual finding that Petitioner was guilty of wanton endangerment with a firearm.

The majority is correct that the indictment did not specify the identity of the intended victim of the wanton endangerment count. Because the indictment specified the victim of the malicious assault count, Brittany S., but did not specify the victim of the wanton endangerment count, the potential double jeopardy issue should have been apparent to Petitioner. However, Petitioner did not move to dismiss the wanton endangerment count

4

prior to the trial, nor did he raise this argument at any point during the trial. This Court has held:

> Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

Syl. Pt. 1, *Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996).

This rule is intended to "prevent a criminal defendant from 'sandbagging' or deliberately foregoing raising an objection to an indictment so that the issue may later be used as a means of obtaining a new trial following conviction." *State v. Palmer*, 210 W. Va. 372, 376, 557 S.E.2d 779, 783 (2001). In the instant case, Petitioner could have raised his double jeopardy argument by filing a motion to dismiss the indictment or, alternatively, for a bill of particulars.[2] Instead, he did not raise this double jeopardy argument until after the jury found him guilty of both malicious assault and wanton endangerment.

Similarly, the jury instruction recounting the elements of malicious assault specified that Brittany S. was the victim. The wanton endangerment jury instruction did not identify a specific victim; rather, it only provided:

---

[2] Rule 7 of the West Virginia Rules of Criminal Procedure entitled "[t]he indictment and the information" provides in subsection (f) that a circuit court "may direct the filing of a bill of particulars." In *State v. Counts*, 90 W. Va. 338, 342, 110 S.E. 812, 814 (1922), this Court provided: "A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial."

> Before the defendant, [Anthony M.], can be convicted of
> wanton endangerment, the State of West Virginia must
> overcome the presumption that he is innocent and prove to the
> satisfaction of the jury beyond a reasonable doubt that:
> 1.      The defendant, [Anthony M.],
> 2.      On or about the 29th day of October 2021,
> 3.      In Kanawha County, West Virginia,
> 4.      Wantonly,
> 5.      Perform an act,
> 6.      With a firearm,
> 7.      Which act created a substantial risk of death or serious
> bodily injury,
> **8.      To another person.**

(Emphasis added). Again, the alleged double jeopardy violation should have been apparent

to Petitioner at this stage of the trial. However, Petitioner did not object to the wanton

endangerment jury instruction or raise any argument concerning a possible double jeopardy

issue prior to the court instructing the jury on the elements of malicious assault and wanton

endangerment. Because Petitioner failed to raise his double jeopardy argument until after

the trial had concluded, this Court could have found that he waived this issue.

In *State v. LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996), we explained:

> Our cases consistently have demonstrated that, in
> general, the law ministers to the vigilant, not to those who sleep
> on their rights. . . . When a litigant deems himself or herself
> aggrieved by what he or she considers to be an important
> occurrence in the course of a trial or an erroneous ruling by a
> trial court, he or she ordinarily must object then and there or
> forfeit any right to complain at a later time. The pedigree for
> this rule is of ancient vintage, and it is premised on the notion
> that calling an error to the trial court's attention affords an
> opportunity to correct the problem before irreparable harm
> occurs.
> . . .

> There is also an equally salutary justification for the raise or waive rule: It prevents a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result). In the end, the contemporaneous objection requirement serves an important purpose in promoting the balanced and orderly functioning of our adversarial system of justice.

*Id.* at 316, 470 S.E.2d at 635.

Additionally, the Court in *LaRock* stated that "[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *Id.* (internal quotations and citations omitted). This Court has found that "the defense of double jeopardy may be waived and the failure to properly raise it in the trial court operates as a waiver." *State v. Carroll*, 150 W. Va. 765, 769, 149 S.E.2d 309, 312 (1966). In *State v. McGilton*, 229 W. Va. 554, 558, 729 S.E.2d 876, 880, we noted that the United States Supreme Court has found that "[t]he most basic rights of criminal defendants are similarly subject to waiver." (quoting *Peretz v. United States*, 501 U.S. 923, 936-937 (1991)). We also recognized that the Supreme Court "listed double jeopardy as a fundamental constitutional right which may be waived if not timely raised[.]" *McGilton*, 229 W. Va. at 558, 729 S.E.2d at 880. Petitioner could have raised his double jeopardy argument before or during the trial. He chose not to do so. Instead, he first made this argument in a post-trial motion, after the jury found him guilty of both offenses. Under these facts and the foregoing caselaw, this Court could have concluded that Petitioner waived his right to assert a double jeopardy argument.

7

Finally, it is well-established that when reviewing a jury verdict rendered in a criminal case, we accord it great deference: "A reviewing court should not reverse a criminal case on the facts which have been passed upon by the jury, unless the court can say that there is reasonable doubt of guilt and that the verdict must have been the result of misapprehension, or passion and prejudice." Syl. Pt. 1, in part, *State v. Easton*, 203 W. Va. 631, 510 S.E.2d 465 (1998) (internal citation omitted). This Court has made clear that "the resolution of factual disputes in a criminal trial is a function of the jury[.]" *State v. Duncan*, 179 W. Va. 391, 396, 369 S.E.2d 464, 469 (1988) (internal citation omitted). We have explained that "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, in part, *State v. Martin*, 224 W. Va. 577, 687 S.E.2d 360 (2009).

As this Court made clear in *Mirandy*, there is no double jeopardy violation when a defendant is convicted of malicious assault and wanton endangerment involving a firearm where there is more than one victim. Thus, our inquiry is whether the jury could have made the factual determination that K.M. was the victim of the wanton endangerment with a firearm offense. There was abundant evidence in the record sufficient for the jury to have reached this conclusion based on K.M.'s close proximity to the shooting and the fact that the bullet ricocheted inside of the vehicle, cracking the windshield, and leaving bullet fragments on the driver's side floorboard. Because the evidence clearly supports the factual finding that K.M. could have been the victim of the wanton endangerment count, this Court should have affirmed the jury's guilty verdict.

8

Based on all of the foregoing, I respectfully dissent from the majority's finding that Petitioner's double jeopardy rights were violated based on his convictions for malicious assault and wanton endangerment with a firearm. I concur with the majority's analysis rejecting Petitioner's other assignments of error.